Betty Smith, Adm'r, of the Estate of John Thomas Conner, Deceased *et al.*, Plaintiffs-Appellants, *v.* William M. Trimmell *et al.*, Defendants.—(Black Bear Inn, Inc., *et al.* Defendants-Appellees.)

(No. 12459;

Fourth District—May 8, 1975.

Owen, Roberts, Susler & Taylor, of Decatur, for appellants.

Robert P. Moore, of Hayes and Moore, of Champaign, and Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant Trimmell purchased a used car from the defendant Julian's Motors on April 8, 1970, and had difficulty with the brakes on the car later that same day. He returned the car to Julian's Motors on the morning of April 9 in order to have the brakes repaired. In the early afternoon while waiting for the car, he spent about 2 hours in a

tavern and drank two 12-ounce bottles of beer. At about 5 P.M., he picked up the car from Julian's Motors. He then went to the defendant Black Bear Inn where he spent 30 minutes to 1 hour and drank five or six small bottles of beer. He left Black Bear Inn between 6 P.M. and 6:30 P.M.

At about 7 P.M., the defendant Trimmel was driving on a four-lane portion of U.S. Route 150. A State police officer testified that he observed a motorcycle traveling on this portion of the highway followed soon afterwards by the vehicle driven by Trimmell. The speed limit at that time for that portion of the highway was 65 miles per hour, and Trimmell testified that he was traveling at about 60 miles per hour. Trimmell testified that he looked up in order to check his rear view mirror before attempting to pass a car ahead of him. As he looked back down at the highway, Trimmell saw the motorcycle for the first time about 6 feet in front of his car. Trimmell's car hit the motoryicle almost immediately at that point. The accident occurred at about 7:10 P.M. Both the driver of the motorcycle, John Thomas Conner, and a passenger on the motorcycle died as a result of this accident.

State police officers investigated the accident. They examined the accident scene and questioned Trimmell. Later that same evening, Trimmell was given a number of tests to determine the effect of alcohol upon him.

The administrator of Conner's estate and members of Conner's family filed suit against the defendant Trimmell upon a negligence theory and a theory of wilfull and wanton conduct, against the defendant Black Bear Inn upon a dramshop action, and against the defendant Julian's Motors upon a products liability theory. A jury trial was held. The jury returned a verdict against the defendant Trimmell on the negligence count in the amount of $18,000. There is no appeal from the judgment against the defendant Trimmell. The jury returned a verdict in favor of the defendant Black Bear Inn and against the plaintiffs. The court directed a verdict in favor of the defendant Julian's Motors and against the plaintiffs. The plaintiffs' post-trial motion was denied, and the plaintiffs have appealed from the judgments upon the jury verdict in favor of Black Bear Inn and the directed verdict in favor of Julian's Motors.

■■ A verdict of the jury which has been approved by the trial court will not be reversed upon appellate review unless that verdict was against the manifest weight of the evidence (*Gatto v. Curtis*, 6 Ill.App.3d 714, 286 N.E.2d 541). In order to prevail upon the dramshop action (Ill. Rev. Stat. 1969, ch. 43, par. 135), the plaintiffs were required to establish, in part, that Trimmell had been intoxicated at the time of the accident. The testimony of four witnesses is relevant to the question of Trimmell's in-

toxication. First, Trimmell said that he had drunk two regular size bottles of beer and five or six small bottles of beer on April 9 prior to the collision with the motorcycle. Second, Sergeant Calvin Showers of the Illinois State Police testified that he arrived at the accident scene only a couple of minutes after the collision. Sergeant Showers spoke with, and observed, Trimmell at the accident scene. Sergeant Showers said that he could smell alcohol on Trimmell and gave the opinion that Trimmell had very definitely been driving while under the influence of intoxicating liquor. Third, Officer Carl Young of the Illinois State Police testified that he had been called to the scene of this accident on April 9 and had observed Trimmell. Officer Young smelled alcohol on Trimmell, but, although he had remembered that Trimmell smelled of alcohol, Officer Young could not remember any other aspect of Trimmell's appearance or conduct which would indicate that Trimmell was intoxicated. Fourth, Officer Lawrence Bury of the Illinois State Police testified that he had been trained in the operation of the Alcotector device for measuring the alcohol content of the blood, that he had administered an Alcotector test to Trimmell on the night of April 9 at about 9 P.M., and that he had administered tests of physical coordination to Trimmell at about the same time. Officer Bury indicated that the accepted standard for intoxication is a reading of .10 on the Alcotector device. Officer Bury testified that a reading on the Alcotector machine between .13 and .14 resulted from a test of the defendant Trimmell. Officer Bury administered tests of phsyical coordination to Trimmell which generally showed that Trimmell was "sure" in his physical behavior. Additionally, Officer Bury concluded that Trimmell was orderly in his appearance and was able to speak and understand instructions well. Officer Bury's professional opinion was that the effect of alcohol upon Trimmell was only "slight." Thus, there was evidence on both sides of the issue of Trimmell's intoxication. As the result of the testimony of the four witnesses, the jury could reasonably conclude that the proof had not established that Trimmell had been intoxicated (had been impaired in his mental and physical faculties with the resultant reduction in his ability to think and act with ordinary care) at the time of the accident. The verdict of the jury was not against the manifest weight of the evidence.

Next, the plaintiffs contend that the trial court committed error in directing a verdict in favor of the defendant Julian's Motors. The plaintiffs had filed suit against Julian's Motors based upon the alleged negligence of Julian's Motors in the sale and repair of the automobile which was sold to Trimmell and which had defective brakes. Because the liability of Julian's Motors was grounded upon the allegedly defective condition of the brakes, the plaintiffs were required to establish as a prerequisite

to any recovery against Julian's Motors that the driver had attempted to apply the brakes. Of course, if the driver had not attempted to use the brakes, the condition of the brakes would not have contributed to the occurrence of the accident.

■■ In the instant case, there is a lack of evidence as to what action, if any, Trimmell took in order to brake his automobile. There is no evidence that Trimmell attempted to apply the brakes. Sergeant Showers and Officer Young testified that they did not observe any tire markings on the pavement at the scene of the accident to indicate that the brakes of the automobile had been applied. Their testimony means either that brakes were not applied or that the brakes were applied and did not function. The inference that Trimmell applied the brakes and that the brakes did not work cannot be drawn from such testimony. Trimmell testified that he could not remember whether he tried to apply the brakes. The plaintiffs argue that it could have been inferred that Trimmell must have applied the brakes instinctively and without recollection. However, this argument is pure speculation. The plaintiffs have no authority for their position, and we are unwilling to adopt their inference of an instinctive application of the brakes in a case in which the driver first noticed the motorcycle in front of his car when his car was only 6 feet away and traveling at a speed of 60 miles per hour. The courts will not permit mere conjecture to substitute for evidence from which a fact may be reasonably inferred (*Compton v. Frank*, 126 Ill.App.2d 356, 261 N.E.2d 727). In light of the *Pedrick* standard, the trial court was compelled to grant the motion for a directed verdict in favor of Julian's Motors, for a jury verdict against Julian's Motors could never have been upheld under this state of the evidence (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504).

The plaintiffs also complained that the trial court erred in excluding certain evidence concerning the allegedly defective condition of the brakes on Trimmell's car. Consideration of this contention is rendered unnecessary as the result of our disposition of the issue regarding the directed verdict in favor of the defendant Julian's Motors.

The jury's verdict in favor of the defendant Black Bear Inn and the trial court's directed verdict in favor of the defendant Julian's Motors were proper. The judgment of the trial court is, therefore, affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.