McHenry Sand and Gravel, Inc., *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* Alexander Rueck, Defendant and Counterplaintiff-Appellant.

(No. 74-193; 

Second District (1st Division)—May 16, 1975.

Arthur Charles Holt, of Waukegan, for appellant.

Sullivan & Smith, of Waukegan (Robert J. Hauser, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Alexander Rueck, the counterplaintiff, appeals from a summary judgment which dismissed his countercomplaint in an action arising from an

intersectional motor vehicle collision. The court found that Rueck's contributory negligence appeared from the pleadings as a matter of law.

The counterdefendants' motion for a summary judgment, supported by excerpts from counterplaintiff's discovery deposition, stated the undisputed facts that on January 12, 1972, at 12 o'clock noon, Rueck was driving west on Hawley Street which intersects with State Route 83 in Lake County, Illinois. Route 83 is a four-lane through highway with stop signs controlling eastbound and westbound traffic on Hawley Street. Counterplaintiff came to a complete stop at the intersection to allow Route 83 traffic to clear the intersection. The weather was dry and clear. Counterplaintiff began to cross Route 83, crossing first the northbound lanes and then proceeding into the southbound lanes of the through highway where his vehicle was struck by a vehicle owned by the counterdefendant, McHenry Sand and Gravel, Inc., and being driven by its employe, counterdefendant David L. Henken. The speed limit for Route 83 traffic was 65 miles per hour.

In his discovery deposition, Rueck testified that as he drove into the intersection he did not see any oncoming traffic on Route 83. He described the intersection as level, "basically flat," with no immediate obstructions to a clear view of Route 83 looking north and south, except for a hill approximately 300 feet to the north. He checked for both northbound and southbound traffic on Route 83 but said he saw no vehicles in view. He entered the intersection and reached a point in the southbound lanes of Route 83 which placed the cab of his truck approximately even with the ditch on the west side of Route 83. However, a portion of his vehicle protruded into the southbound lanes of Route 83 and it was struck by counterdefendant's truck. He had not seen the truck until the point of collision. These admissions were principally relied upon by the counterdefendants in their motion for summary judgment, for they alleged that these admissions established counterplaintiff's contributory negligence as a matter of law because he failed to see what should have been seen.

■■ In reviewing the propriety of the entry of the summary judgment we apply well-established principles. The purpose of a summary judgment is not to try an issue of fact but to determine whether a genuine issue as to a material fact exists. The pleadings, depositions and affidavits are construed most strictly against the moving party and most liberally in favor of the opponent. Inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw a different inference from these facts a triable issue exists. A summary judgment should be granted only when the right to it is clear and free from doubt. See *Giova v. Carrol* (1969), 109 Ill.App.2d 259, 264-5.

■■ The question of contributory negligence on the part of one entering a preferential highway protected by a stop sign is ordinarily for the trier of the facts. *Tanenbaum v. Loveless* (1973), 16 Ill.App.3d 104, 108-109; *Vierke v. Sunset Valley Creamery Co.* (1965), 58 Ill.App.2d 323, 330.

■■ In order to establish contributory negligence on counterplaintiff's part, it must be shown that he breached his duty of due care and that without his breach of duty the accident would not have occurred. (*McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill.App.2d 39, 47.) The applicable statute (Ill. Rev. Stat. 1971, ch. 95½, par. 11—904) does not confer an absolute right-of-way on the party travelling on a preferential highway, but requires only that a motorist confronted by a stop sign may, exercising reasonable care, proceed across the intersection after he has stopped and yielded the right-of-way to such vehicles on the through highway as constitute an "immediate hazard." (*Pennington v. McLean* (1959), 16 Ill.2d 577, 583.) There are no precise standards, and the issue involves considerations as to the relative speeds and distances of the vehicles. *Pennington v. McLean* (1959), 16 Ill.2d 577, 583.

On the record before us counterplaintiff had stopped at the stop sign, had waited for traffic to clear, had looked both ways and had then proceeded into the intersection. The fact that there was an obstruction to the view, the exact extent of which is not shown in the evidence, is a factor which distinguishes cases cited by the counterdefendant in support of the argument that the failure to see what should have been seen is contributory negligence as a matter of law. (See *Briske v. Village of Burnham* (1942), 379 Ill. 193, 200-201; *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill.App.2d 65, 73-74.) In each of the cited cases after all the evidence was admitted at trial, it appeared that there was no obstruction to view. (Compare *Lakomy v. Hanson* (1960), 26 Ill.App.2d 452, 457.) Here it cannot be unquestionably inferred, in view of the obstruction, that when the counterplaintiff entered the intersection the counterdefendant's vehicle was visible so as to charge Rueck with not seeing what should have been seen. If it was not then negligence as a matter of law to enter the intersection, it follows that if Rueck were guilty of contributory negligence, it must be inferred from the fact that he did not continue to watch for the approaching vehicle and did not see it until the moment of impact when he was substantially across Route 83. However, it cannot be said that a driver breaches his duty of due care as a matter of law when that driver fails to look again upon entering a controlled intersection after he has previously stopped and looked before proceeding into the intersection. See *Spiotta v. Hamilton*

(1970), 120 Ill.App.2d 387, 393; *Neurohr v. Richmond* (1967), 78 Ill. App.2d 467, 472.

■■ The record before us does not clearly dispose of relevant considerations as to the relative distance of the counterdefendant's vehicle or the speed at which it was travelling after counterplaintiff's entry into the intersection and at all times prior to the collision. Since fair-minded persons could draw different inferences from the admitted facts, triable issues of fact exist and the right to summary judgment was not therefore clear and free from doubt.

The judgment below is therefore reversed and the cause remanded with directions to reinstate the countercomplaint and to thereafter proceed consistent with this opinion.

Reversed and remanded.

GUILD and HALLETT, JJ., concur.