SARA VALASQUEZ, Plaintiff-Appellant, *v.* YELLOW CAB COMPANY *et al.,* Defendants-Appellees.

(No. 60828;

First District (1st Division)—October 6, 1975.

Greenberg, McCarthy & Riley, of Skokie (Sherwin Greenberg, of counsel), for appellant.

Jesmer and Harris, of Chicago (Julius Jesmer and Charles E. Tannen, of counsel), for appellees.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Sara Valasquez brought an action to recover for personal injuries sustained when an automobile in which she was a passenger collided with a Yellow Cab driven by David Booker. A bench trial resulted in a finding that defendants were not guilty of negligence and judgment was entered in favor of the defendants. Plaintiff contends on appeal that the trial court's finding is against the manifest weight of the evidence.

On June 27, 1970, at approximately 12:30 a.m., David Booker was driving a taxicab in a southward direction on Sheffield Avenue towards the intersection of Sheffield and Waveland Avenues in Chicago. Sheffield Avenue is a north and south street governed by a speed limit of 30 miles per hour. Waveland Avenue is an east and west street controlled by stop signs at its intersection with Sheffield. The automobile in which plaintiff was a passenger was proceeding eastward on Waveland toward the intersection of Waveland and Sheffield. The driver, Martin Santiago, and two passengers sitting in the front seat, Zoraida Lo Zada and Eribarto Rodriquez, were living in Puerto Rico at the time of trial and did not testify. The plaintiff was accompanied in the back seat of the automobile by her present husband, Joel Carnet.

Sara Valasquez testified that Santiago stopped the automobile at the intersection of Waveland and Sheffield. She did not see the taxicab before the collision. The plaintiff was taken to a hospital after the mishap and treated for injuries to her left shoulder.

Joel Carnet testified that their automobile stopped at the intersection of Waveland and Sheffield. The taxicab collided into the side of their automobile when it was crossing Sheffield. Carnet estimated that the speed of the taxicab at the time of the collision was 40 miles per hour. Carnet stated that the taxicab's right front fender and right door were not damaged.

Maria Kundert, a passenger in the taxicab at the time of the accident, testified for the defendants. She estimated that the speed of the taxi as it approached Waveland Avenue was 20 miles per hour. Parked cars lined the west curb of Sheffield north of Waveland. The taxi was entering the intersection when Kundert observed the plaintiff's automobile proceed into the intersection a few feet beyond the stop sign controlling eastbound traffic. The taxi braked and swerved to the left. The right front of the taxi collided with the left front of the plaintiff's automobile.

David Booker, the driver of the taxicab, testified that his speed upon

entering the intersection at Sheffield and Waveland was 20 miles per hour. Cars were parked bumper to bumper on the west curb of Sheffield immediately north of Waveland Avenue. The southernmost parked car facing south was 20 feet north of the north curb line of Waveland Avenue. Booker's taxi passed the southernmost parked car when Booker first observed the plaintiff's automobile travel through the stop sign without stopping at a speed of approximately 30 miles per hour. The headlights of the plaintiff's automobile were not lit. In order to avoid impact, Booker braked his taxi and veered to the left. The right front of the taxi collided with the left front of the plaintiff's automobile. The taxi was over the center line on Sheffield facing a southeast direction after the collision. Photographs were introduced into evidence exhibiting the extent and placement of damage on the taxicab.

■■ In order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. (*Gary v. Rogers*, 104 Ill.App.2d 154, 243 N.E.2d 665.) Where testimony is contradictory, as in the instant case, the trial judge is in a better position than a court of review to determine the credibility of witnesses and the weight of evidence presented. (*Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, 226 N.E.2d 624.) A reviewing court will not substitute its judgment for that of the finder of fact in passing on the weight of evidence. *Whitman v. Prescott*, 80 Ill.App.2d 49, 225 N.E.2d 384.

■■■ The trial court's findings were clearly not against the manifest weight of the evidence. We cannot find any proof of negligence on the part of the defendants in the record. Booker was on a preferred street traveling under the posted speed limit. Plaintiff's driver should have stopped and waited until the intersection was clear of traffic. Testimony indicated that the automobile in which plaintiff was a passenger did not stop before entering the intersection, nor did it have its headlights lit. Moreover, the damage to the taxicab and the position of the taxicab after the collision substantiated Booker's account of the accident. The trial court's findings are amply supported by the record. The judgment is affirmed.

Judgment affirmed.

EGAN and SIMON, JJ., concur.