WILLIAM E. SMITH, a Minor, by William E. Smith, Sr., his Father and Next Friend, Plaintiff-Appellant, *v.* DONALD R. FORD *et al.,* Defendants-Appellees.

Third District    No. 75-253

Opinion filed November 4, 1976.—Rehearing denied December 9, 1976.

Kevin Kelly, of La Salle, for appellant.

Lemmer, Boggs, Knuppel & Krebaum, P. C., of Havana, Proctor & Wilhelm, and Crissey, Kost & Downs, both of Lewistown (William H. Knuppel, of counsel), for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal by William E. Smith from a judgment of the Circuit Court of Fulton County finding for defendant in an action instituted by Smith, a minor, by his father and next friend. The action was instituted by Smith, who was 13 years of age at the time of the injuries, against defendant Donald R. Ford and Bader and Company, Inc., as well as one other defendant, to recover for personal injuries sustained as a result of an accident which occurred in Fulton County, Illinois. The case was tried by a jury which returned a verdict of not guilty as to the defendants Ford and Bader.

On appeal in this court plaintiff contends that (1) the trial court erred in admitting certain of defendants' evidence regarding a test conducted by a witness for defendant; (2) the trial court improperly instructed the jury as

to the law to be applied in the case and (3) the trial court improperly permitted testimony of witnesses for defendants, which testimony was conclusionary in nature and alleged to be irrelevant and prejudicial to plaintiff. A further issue was raised that the trial court improperly submitted the issue of agency between defendants Bader and Company, Inc., and Donald R. Ford for resolution by the jury.

The record discloses that the defendant Bader and Company is engaged in the grain and implement business and operates a fleet of large grain trucks. Donald R. Ford was employed by defendant Bader and Company as a shop foreman and mechanic and not as a regular truck driver. Prior to the date of the accident, defendant Bader had agreed to donate the use of a truck and driver to pack down a tractor pull track for the Fall Festival Association. Shortly after 6 p.m. on August 26, 1969, defendant Ford drove a 1960 White truck, approximately 50 feet in length, which weighed 74,000 pounds and was owned by defendant Bader, from defendant Bader's terminal for the purpose of performing services for the Fall Festival Association. As defendant Ford drove north on Main Street in the City of Vermont, Fulton County, Illinois, at 10 miles per hour, plaintiff William Smith followed the truck on his bicycle in the northbound lane of Main Street. Plaintiff contends that defendant stopped his truck without warning and that plaintiff was thereby required to turn into the southbound lane of Main Street where he was struck by an automobile traveling south on Main Street. Plaintiff suffered a head injury with cerebral concussion as well as a compound fracture of the right leg. Plaintiff's condition at the time of the trial was described as traumatic paraplegia which will require that plaintiff be given medical care all of his life.

The testimony is conflicting as to what caused plaintiff to turn his bicycle into the southbound lane. Defendant Ford, who was called as an adverse witness by plaintiff, testified that he applied the brakes of the truck only at a stop sign and when he stopped the truck after the accident, but was impeached by testimony in his deposition that he applied his brakes as he approached the scene of the collision. Ford also admitted he saw plaintiff following him on his bicycle.

David Harn, called as an expert witness for plaintiff, testified that a truck of the type involved and traveling at a rate of speed of 10 miles per hour could be stopped in a distance of 5 to 10 feet. Plaintiff's mother testified that several hours after the accident plaintiff regained consciousness for a short time and repeated the words "truck stopped." He testified at the trial that the truck made a quick stop, which caused him to turn left.

Max Fawcett, who was called as an expert witness by defendants, testified that it would take a distance of 26 feet and 8 inches to stop a truck

of the type here involved traveling at a speed of 10 miles per hour. Attorney for defendant asked Mr. Fawcett for the basis of his knowledge. Mr. Fawcett then, over the objection by the plaintiff, testified that this knowledge was the result of a test conducted recently by himself and David Harn, the man called as a witness by plaintiff. He stated that Harn, who had testified as an expert for plaintiff, had driven the truck in the test. Plaintiff had objected to the testimony of Fawcett and he also moved to recall Mr. Harn to explain and to elicit testimony that plaintiff had not known of the test conducted by Fawcett and Harn, but the motion was denied.

The first issues for consideration on appeal is whether the trial court erred in the admission of the testimony of Max Fawcett who based his testimony on a test conducted by himself and Mr. Harn. The testimony consisted of reference to a test and it was presented for the purpose of impeaching the testimony of Harn, who had previously testified as plaintiff's witness with respect to the stopping distance of the truck traveling at 10 miles per hour.

■█■ Experiments are incompetent unless the essential conditions of the experiment are shown to be the same as those existing at the time of the accident. (*Hammer v. Slive* (2d Dist. 1962), 35 Ill. App. 2d 447; *Thomas v. Chicago Transit Authority* (1st Dist. 1969), 115 Ill. App. 2d 476.) There was complete failure to establish that the essential conditions were the same as those existing at the time of the accident. No specific objection was made as to this issue. There was error in the procedure of presenting the testimony to impeach Harn. It was improper to impeach a witness by testimony of another witness showing that there were significant omissions in the testimony of the impeached witness. The impeachment must be preceded by calling the attention of the witness to be impeached to the alleged omissions and giving such witness the opportunity to explain. (*Aneals v. People* (1890), 134 Ill. 401; *People v. Telio* (1st Dist. 1971), 1 Ill. App. 3d 526.) Since no such foundation was laid in the examination of Harn, the testmony of the test was clearly improper as impeachment of Harn.

■█ Following the admission of Fawcett's testimony regarding the test conducted by Fawcett and Harn, plaintiff moved to recall Harn, and explained that the purpose was to show that plaintiff had no knowledge that Harn had conducted a test with Fawcett and, also, to obtain Harn's explanation of his testimony. The trial court denied the motion. While the trial court has a broad area of discretion in determining whether to allow the recall of a witness, if the court abuses such discretion, the decision not to permit such recall of the witness could be held to be erroneous. (*Schutt v. Terminal R.R. Association* (5th Dist. 1967), 79 Ill. App. 2d 69.) It was obvious that the refusal to allow plaintiff to recall Harn, after the

admission of Fawcett's testimony, was improper, and, as shown by the record, extremely prejudicial to plaintiff. For the reasons stated, therefore, the judgment of the Circuit Court of Fulton County should be reversed and the cause remanded for new trial.

● 4 We find it appropriate to discuss certain other issues raised by plaintiff on appeal for guidance of the parties on retrial of this cause. We note that the question of whether the trial court properly submitted the issue of agency between Bader and Company and Ford for resolution of the jury is truly not an issue in the case, since defendants admitted that Ford was the agent and an employee of Bader and Company with a duty to operate and maintain the truck with due care and caution for persons such as plaintiff. The agency issue, therefore, is irrelevant in the trial court since pleadings have admitted the agency.

On the question of instructions to the jury, this Court would have been justified in refusing to review the instructions in view of the fact that not all of the instructions tendered or the proceedings at the conference on instructions are abstracted. (*Gillespie v. Norfolk & Western Ry. Co.* (4th Dist. 1972), 3 Ill. App. 3d 779; *Mitchell v. Toledo, Peoria & Western R.R. Co.* (3d Dist. 1972), 4 Ill. App. 3d 1.) We will, however, make observations on the instruction issue as presented on appeal. We note, primarily, that a party has a right to have the jury instructed on his theory of recovery or defense, if that theory is supported by facts in evidence or by reasonable inference from facts in evidence (*Shore v. Turman* (4th Dist. 1965), 63 Ill. App. 2d 315). Defendants' Instruction No. 6, which was given over objection, correctly states the law regarding passing and overtaking a vehicle by proceeding over the center line. Under the record here, where plaintiff was shown to have crossed the center line of Main Street when the accident occurred, a reasonable inference might have been made that plaintiff was overtaking or passing a slow-moving truck.

As to Instruction No. 7, which was given over objection, the instruction correctly states the law regarding following too closely. There was, however, a serious question as to whether it was appropriate to give the instruction since the evidence indicated that plaintiff was following the truck at a distance of 1½ car lengths and there was no evidence of plaintiff following the truck too closely, in view of the speed of the truck.

Plaintiff's Instruction No. 35 (IPI—Civil No. 10.06) which deals with the standard of care of a minor charged with the violation of a statute was properly given. We are unable to ascertain whether Instructions No. 6 and No. 8, which apparently refer to the use of directional turn lights, were proper since plaintiff has not abstracted these instructions. From the record, however, it would appear that an instruction on the use of turn signals would have been proper.

■■ On the issue of whether the trial court improperly permitted

testimony of defendants' witnesses, where it is contended that the testimony was conclusionary, irrelevant and prejudicial to the plaintiff, we note that the testimony of Linda Snowden was inconsistent and contained conclusions, such as observations that plaintiff "decided to turn" and, also, that "as plaintiff turned his bicycle, the truck was moving", which she concluded from the fact that the truck lights were not on. She had also testified that she did not pay any particular attention to the occurrences leading up to the accident. Such testimony was objected to and the objections were sustained. A motion for mistrial was also made on the basis of the testimony, but we believe, in view of the fact that objections were sustained, that the trial court did not abuse its discretion in not granting a mistrial on this issue. *Fitzsimons v. National Tea Co.* (2d Dist. 1961), 29 Ill. App. 2d 306.

■■ The testimony of Robert Young, who was co-chairman of the Fall Festival Association pull, who testified as to the route taken by the defendant Ford to the tractor pull track, on seven or eight occasions prior to the date of the accident, was objected to, and a motion was made to strike the testimony as immaterial, irrelevant and not probative. The motion was denied. As stated in *Herget National Bank v. Johnson* (3d Dist. 1974), 21 Ill. App. 3d 1024, 1026:

> "The general rule is that evidence of conduct of a person on another occasion or occasions is irrelevant on the question of his conduct on the occasion in issue, except to show habit, state of mind, knowledge or intent and the like. (Gard, Illinois Evidence Manual, rule 88 (1963).) Evidence of other specific, though similar acts, may not be proven simply to show that, having done the same thing before, the person is likely to have done it on the occasion in issue."

Young's testimony was, therefore, improperly admitted and the trial court erred in failing to strike it.

The judgment of the Circuit Court of Fulton County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

STOUDER and STENGEL, JJ., concur.