MARY KOFAHL, Plaintiff-Appellant, *v.* LUCILLE DELGADO, Defendant-Appellee.

Fifth District   No. 77-354

Opinion filed July 27, 1978.

WINELAND, J., specially concurring.
G. MORAN, J., dissenting.

Nick D. Vasileff, of Madison, for appellant.

Gage D. Sherwood, of Bernard and Davidson, of Granite City, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Mary Kofahl brought an action against Lucille Delgado to recover for personal injuries sustained by her when an automobile in which she was a passenger collided in an intersection with an automobile driven by defendant Delgado. A jury trial resulted in a verdict in favor of defendant Delgado, upon which the trial court entered judgment. Subsequent to the denial of her post-trial motion, plaintiff commenced this appeal contending that the verdict is not supported by the evidence, that one of defendant's instructions should not have been given to the jury and that two instructions tendered by her were improperly refused.

All of the testimony at trial was offered on behalf of the plaintiff. Given all permissible inferences, it establishes the following.

The collision occurred near Granite City at the intersection of Illinois Route 3 and St. Thomas Road. Route 3 at that point is a four-lane divided highway, moving traffic north and south. Route 3's two northbound lanes are divided from its southbound lanes by a median. St. Thomas Road makes a T-intersection with Route 3 and is controlled by stop signs at its intersection with the northbound lanes of the highway. There is a gap in the median at the intersection so that automobiles emerging from St. Thomas Road may turn left and proceed south on Route 3. Their entry into southbound traffic is controlled by a yield sign.

Although it was December 2, the weather was nice and clear. The pavement of both roads was apparently dry and free of ice. At approximately 2 p.m., Lucille Delgado was driving her automobile northward on Route 3 at a speed of about 50 m.p.h. Her parents were passengers in the auto. She did not notice any traffic ahead of her or any cars on St. Thomas Road as she approached the intersection. Eventually, however, an automobile driven by Mrs. Kofahl's husband and in which she was a passenger pulled into Delgado's path as it headed towards the gap in the median. When the defendant saw this car starting from the

right hand side of the highway, she applied her brakes and skidded a distance of 80 to 100 feet before the collision occurred in the northwest quadrant of the intersection.

The plaintiff, Mary Kofahl, was 81 years old at the time of the accident. She could not shed any particular light on the occurrence since she did not pay any attention to the streets or roads which her husband took prior to the collision.

Although defendant Delgado could not remember seeing anyone driving in front of her as she approached the intersection, such a person did exist in Frankie Wayne Greathouse. Mr. Greathouse testified that on the afternoon in question he was travelling north on Route 3 in the far right hand lane, preparatory to turning right or eastward on St. Thomas Road. He was under the impression, as was defendant, that the posted speed limit on Route 3 was then 65 m.p.h. As he neared the sign which indicated the upcoming intersection with St. Thomas Road, some 625 feet distant, he reduced his speed from 50 m.p.h. to about 40 m.p.h. and looked in his rearview mirror. He saw an automobile behind him, possibly in the same lane as he was in. As he approached the turn, he noticed an automobile stopped at the stop sign on St. Thomas Road, facing west. He then put on his turn signal and turned onto St. Thomas Road. As he turned, he saw the car at the stop sign edge out onto the highway at about 5 m.p.h. After traveling a car's length, Greathouse again looked in his rearview mirror and saw the collision occur.

■■ It is well settled that if, as here, a trial court has sustained a verdict by denying a motion for a new trial, the reviewing court may not disturb the verdict unless it is against the manifest weight of the evidence. (*Spankroy v. Alesky*, 45 Ill. App. 3d 432, 439, 359 N.E.2d 1078, 1081; *Smith v. Trimmell*, 28 Ill. App. 3d 369, 328 N.E.2d 45; *Moulton v. Shell Oil Co.*, 38 Ill. App. 3d 524, 347 N.E.2d 825.) In order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. (*Valasquez v. Yellow Cab Co.*, 32 Ill. App. 3d 934, 337 N.E.2d 365; *Gary v. Rogers*, 104 Ill. App. 2d 154, 243 N.E.2d 665; see also *Bouillon v. Harry Gill Co.*, 15 Ill. App. 3d 45, 301 N.E.2d 627.) Such is not the case here.

The plaintiff basically argues that the verdict is against the manifest weight of the evidence since it establishes that she was not contributorily negligent and that the collision was proximately caused by defendant's failure to keep a proper lookout and to reduce her speed to avoid a collision. We cannot agree.

■■ ■ There is no quarrel concerning whether the plaintiff was contributorily negligent. It may be assumed that she was not since she was merely a passenger, who by law is not imputed with the contributory negligence, if any, of her driver. (*Roth v. Nauman*, 90 Ill. App. 2d 44, 234

N.E.2d 346; *Wilson v. Don LaCost, Inc.*, 20 Ill. App. 3d 624, 314 N.E.2d 27; Illinois Pattern Jury Instructions, Civil, No. 72.03 (2d ed. 1971).) However, it is fundamental that she may not recover from defendant if her driver's negligence was the sole proximate cause of the collision. (*Milis v. Chicago Transit Authority*, 1 Ill. App. 2d 236, 117 N.E.2d 401.) The jury obviously found this to be the situation here and we agree wholeheartedly.

Much has been said about the relative duties of drivers upon preferential highways and those upon nonpreferential highways controlled by stop signs.

■■ The duty of a driver at a stop sign where his road intersects with a preferential highway has been codified in section 11—904(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—904(b)). That section provides that such a motorist must yield the right-of-way to any vehicle which is approaching so closely on the roadway as to constitute an immediate hazard to his vehicle's moving across or within the intersection. Whether a driver was negligent in entering a preferential highway protected by stop signs is always a question of fact since there are no precise standards and the issue involves considerations as to relative speeds and distances of the vehicles (*McHenry Sand & Gravel, Inc. v. Rueck*, 28 Ill. App. 3d 460, 328 N.E.2d 679; *Garner v. Skafar*, 45 Ill. App. 3d 859, 360 N.E.2d 398).

On the other hand, the party travelling on the preferential highway does not have an absolute right of way. (*Smith v. Bliss*, 12 Ill. App. 3d 514, 299 N.E.2d 576; *McHenry Sand & Gravel, Inc.*) He must keep a proper lookout (*Reed v. Williams*, 9 Ill. App. 3d 742, 292 N.E.2d 426; *Smith v. Bliss*), observe due care in approaching and crossing intersections and drive as a prudent person would to avoid a collision when danger is discovered or by the exercise of reasonable care, should have been discovered (*Oothoudt v. Woodard*, 132 Ill. App. 2d 203, 269 N.E.2d 511; *Gettemy v. Grgula*, 25 Ill. App. 3d 625, 323 N.E.2d 628; *Kirshenbaum v. City of Chicago*, 43 Ill. App. 3d 529, 357 N.E.2d 571).

In this case, a view of the evidence as a whole supports the jury's finding that the sole proximate cause of this accident was the negligence of Edgar Kofahl, the driver of plaintiff's vehicle. The evidence implies that he either grossly misjudged the speed of defendant's automobile and its distance from the intersection or totally failed to see its approach. From the testimony of Frankie Greathouse, it might be inferred that Mr. Kofahl's view of the defendant's vehicle was obstructed by Greathouse's car as it turned right. Regardless of which of these situations was present, plaintiff's driver was negligent in edging slowly into the intersection. By doing so, he created a situation which did not afford the defendant an opportunity to avoid a collision after discovering the danger.

■■ We cannot find any proof of negligence on the part of the defendant in the record. Although defendant Delgado did not notice the car in which plaintiff was riding until it entered the roadway, this cannot indicate that she was not keeping a proper lookout or exercising due care in approaching the intersection since the proper scope of her lookout was for cars entering the highway. (*Smith v. Bliss.*) As a traveller on a preferential highway, she had a right to expect a car approaching along St. Thomas Road to obey the stop sign and yield the right-of-way as required by law. (*Hale v. Cravens*, 129 Ill. App. 2d 466, 263 N.E.2d 593.) As was stated in the case of *Hession v. Liberty Asphalt Products, Inc.*, 93 Ill. App. 2d 65, 235 N.E.2d 17:

> "If the motorist on the through highway had to travel at such a speed that he could stop his car in time to avoid collisions with vehicles which ignore stop signs on intersecting roads, the purpose of having a through highway in the first place would be entirely thwarted." 93 Ill. App. 2d 65, 74, 235 N.E.2d 17, 22.

The evidence establishes that defendant Delgado was keeping a proper lookout. She applied her brakes simultaneously with the entry of the Kofahl vehicle upon the highway. This was the earliest moment at which the danger could have been discovered since the vehicle had previously been stopped; however, at that point a collision was imminent and unavoidable.

The plaintiff's second contention is that it was error to give defendant's instruction No. 3.

Defendant's instruction No. 3 was basically IPI Civil No. 60.01, the instruction for violation of statutes. It was worded so as to incorporate the relevant portions of section 11—904(b) of the Illinois Vehicle Code paraphrased above (Ill. Rev. Stat. 1971, ch. 95½, par. 11—904(b)).

■■ Plaintiff's main objection to the giving of this instruction appears to be that it might have misled the jury into believing that her husband's negligence could be imputed to her. We cannot agree.

The instruction in question was carefully worded so as to avoid any implication that the statute might have been violated by a party to the action. Moreover, the jury was specifically instructed by plaintiff's instruction No. 5 (IPI Civil No. 72.03) that plaintiff could not be charged with the negligence, if any, of her driver. Under such circumstances, no reversible error on these grounds is presented. *Nowak v. Witt*, 14 Ill. App. 2d 482, 487, 144 N.E.2d 813, 814-15.

In addition, we note that the defendant's theory at trial was that the accident was not caused by any negligence on her part, but rather by the negligence of plaintiff's driver. As can be seen from our discussion of the facts such a view clearly was supported by the evidence; consequently the defendant had a right to have the instruction presented to the jury.

*Pantaleo v. Gamm*, 106 Ill. App. 2d 116, 245 N.E.2d 618; *Smith v. Ford*, 43 Ill. App. 3d 407, 356 N.E.2d 1306; *Garrett v. Babb*, 24 Ill. App. 3d 941, 322 N.E.2d 217.

Plaintiff's final contention is that the trial court erred in refusing her tendered instructions Nos. 13 and 23. She, however, has not specified in her brief why such refusal was error.

■■ We have examined the instructions and the exchange which occurred at the conference on instructions. It is our finding that these non-IPI instructions were properly refused. No. 13 was especially objectionable since it assumed as proved that defendant had not maintained a proper lookout although that proposition was very much at issue. Moreover, even if more artfully drawn instructions on defendant's duty to maintain a lookout would have been given, the refusal of these instructions is not error since their essence was covered by plaintiff's instructions Nos. 11—A, 12, and 19.

For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.

Affirmed.

Mr. JUSTICE WINELAND, specially concurring:

Had I been sitting without a jury as the finder of fact in this case I would have reached a contrary result to the verdict returned by the jury here. Nevertheless, I cannot say that the verdict of the jury is against the manifest weight of the evidence. I therefore concur.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I do not agree with the majority holding that the negligence of plaintiff's husband was the sole cause of the accident. This contention was not even made by appellee in her brief to this court.

I also believe that it was error for the trial court to give defendant's instruction number 3.

I would remand this case for a new trial.