KVIRINAS RUNIMAS, Plaintiff-Appellee, *v.* GREGORY J. HOWE *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-2166

Opinion filed March 18, 1981.

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Louis Gershon and Horace W. Jordan, of counsel), for appellants.

Donald A. Carr, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Kvirinas Runimas (hereinafter plaintiff) and his wife, Elena Runimas, brought this action to recover damages for personal injuries they sustained in a vehicular accident. The jury returned a verdict against defendants, Gregory J. Howe and Richard's Motor Service, Inc., in favor of plaintiff for $70,000 and in favor of Elena for $60,000. The jury also answered a special interrogatory to the effect that plaintiff was in the exercise of ordinary care at the time of the accident. The trial court entered judgment on the verdicts and denied defendants' post-trial motions. Defendants have satisfied the judgment in favor of Elena and have appealed only from the judgment in favor of plaintiff, contending that he was contributorily negligent as a matter of law.

The accident occurred the afternoon of October 3, 1974, at the intersection of 54th Avenue and 16th Street in the town of Cicero, Illinois. Plaintiff was operating his automobile and Elena was riding with him as a passenger. Defendant Howe was operating an oil tank truck owned by his principal, Richard's.

Plaintiff was driving in a northerly direction on 54th Avenue intending to turn right at 16th Street, a through east-west street. In order to arrive at the 16th Street intersection, it was necessary for a driver from the south on 54th Avenue to cross three sets of railroad tracks and then 19 feet of roadway. The only stop sign at 16th Street for oncoming traffic from the south is located to the south of the railroad tracks on the crossbuck for the tracks. The stop sign is thus located 69 feet from the intersection. All witnesses agree that plaintiff came to a complete stop at the stop sign. Plaintiff testified that he looked to his left on 16th Street. He could see about 50 feet because his vision was obstructed by railroad cars situated along the tracks. Plaintiff proceeded across the tracks at an 8- to 10-mile per hour pace. Half way across the tracks, he looked again to his left and could see defendants' truck moving in an easterly direction on 16th Street.

The truck was approximately 300 feet away. Plaintiff believed he could complete the turn before the truck reached the intersection. As plaintiff continued across the tracks, he heard bells ringing on the tracks. At Elena's direction, plaintiff looked to his right to ascertain whether stationary railroad cars were starting up in his direction. He determined that the train's movement was in the other direction. As he entered the intersection, plaintiff again looked to his left and saw defendant's truck, about 45 feet away, traveling towards him at a fast speed. Plaintiff applied his brakes but the front of the truck struck the side of plaintiff's automobile. The police measured 35 feet of skid marks set down by defendants' truck.

Defendant Howe testified that he was proceeding easterly on 16th Street at approximately 20 miles her hour. His view to the south was obstructed by trains on the tracks. Howe first saw plaintiff's automobile when it was stopped at the stop sign. Howe at this time was 50 feet west of the intersection. Howe proceeded and looked to his left and then at a westbound motorcycle. When Howe looked to his right again, he saw that plaintiff had completely crossed the tracks and was 5 to 8 feet away from entering the 16th Street intersection. Howe slammed on his brakes and the impact occurred at the center of the intersection.

An occurrence witness testified for plaintiff that defendants' truck was traveling at 35 miles per hour. A witness for defendants testified that the truck speed was 20 miles per hour. The latter also stated that defendants' truck was very close to the intersection when plaintiff's automobile entered 16th Street.

■■ The sole issue on appeal is whether plaintiff, as a matter of law, was guilty of contributory negligence. In reviewing the denial of a motion for judgment notwithstanding the verdict, the *Pedrick* standard applies. We may reverse only if the evidence "when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) A motorist approaching a through street does not have the absolute duty, after stopping, to yield the right of way to every oncoming vehicle despite its distance from the intersection and its rate of speed; the duty of reasonable care requires only that he yield to those vehicles which constitute "an immediate hazard." (*Pennington v. McLean* (1959), 16 Ill. 2d 577, 158 N.E.2d 624; Ill. Rev. Stat. 1973, ch. 95½, par. 11—904; Town of Cicero Ordinance §38.) This determination is primarily a factual one for the jury. *Pennington v. McLean.*

■■ Applying these principles to the present case, we believe that the issue of plaintiff's contributory negligence was one for the jury, and that the trial court properly denied defendants' post-trial motion for judgment

*n.o.v.* The issues of the parties' relative speeds and distance were in dispute here. And we cannot say that the evidence overwhelmingly supports resolution of these disputes in defendants' favor. After having obeyed a stop sign for the 16th Street intersection, plaintiff looked at least twice to the left before entering that intersection. The first time plaintiff looked, defendants' truck was outside the scope of plaintiff's view because of the railroad cars. The second time plaintiff looked, he was proceeding slowly across the tracks and saw the truck 300 feet away. Plaintiff's duty of care required that he yield only to approaching traffic which constituted an immediate hazard. Whether under these facts and circumstances, defendants' truck constituted such a hazard was a question for the jury to decide. (*Neurohr v. Richmond* (1967), 78 Ill. App. 2d 467, 222 N.E.2d 808.) Moreover, we cannot say that after having fully stopped and having looked to the left twice to ascertain the existence of hazards, plaintiff was contributorily negligent as a matter of law for not having looked again before entering the intersection. *Garner v. Skafar* (1977), 45 Ill. App. 3d 859, 360 N.E.2d 398; *McHenry Sand and Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 328 N.E.2d 679; *Spiotta v. Hamilton* (1970), 120 Ill. App. 2d 387, 256 N.E.2d 649; *Neurohr v. Richmond*; *Quigley v. Crawford* (1958), 19 Ill. App. 2d 454, 153 N.E.2d 867.

In *Spiotta v. Hamilton*, the court held that the undisputed testimony that plaintiff did not look again to the left after seeing defendant's vehicle 200 feet away, moving at a speed of 30 to 35 miles per hour, did not amount to contributory negligence as a matter of law. The facts in the present case militate more strongly against finding plaintiff guilty of contributory negligence as a matter of law, where evidence was presented regarding the intervening diversion of train bells ringing as plaintiff crossed the tracks just before entering the intersection.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and WHITE, J., concur.