RONALD ELLIOTT *et al.*, Ex'rs of the Estate of Paul Elliott, Deceased, Plaintiffs-Appellants and Cross-Appellees, *v.* HILDA WILLIS *et al.*, Defendants-Appellees and Cross-Appellants.—(Verla Elliott, Plaintiff and Cross-Appellee.)

Fourth District   No. 15588

Opinion filed April 5, 1983.

Ronald N. Hanley, of Hanley, Traub & Hanley, of Fairbury, for appellants.

Costigan & Wollrab, of Bloomington, for appellees.

JUSTICE GREEN delivered the opinion of the court:

This case comes to us again upon remand from the supreme court. (*Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163.) It was previously before us. (89 Ill. App. 3d 1144, 412 N.E.2d 638.) The original suit was initiated in the circuit court of McLean County for wrongful death, property damage and personal injuries brought by plaintiffs, Ronald Elliott and Cheryl Elliott Lamson, executors of the estate of Paul Elliott, deceased, and the decedent's widow Verla Elliott and against defendants, Hilda Willis and Carol Willis. It arose from a motor vehicle collision occurring at the intersection of two county roads in McLean County on April 13, 1976. After a jury trial, the plaintiffs-executors and plaintiff Verla Elliott were awarded damages against

both defendants in the respective sums of $4,500 and $50,182.50.

The plaintiffs-executors appealed, claiming error going to the award of damages, and defendants cross-appealed both judgments, claiming they were against the manifest weight of the evidence. We reversed the judgment for the executors and awarded them a new trial as to damages. We held the trial court erred in refusing to instruct the jury that the widow's loss of consortium was a proper element of damage for the wrongful death. We dismissed the cross-appeal as being untimely filed. The supreme court affirmed our award to the plaintiffs-executors for a new trial on the question of damages only, but reversed our dismissal of the cross-appeals. The opinion stated:

"Since the appellate court erroneously dismissed the defendants' appeal, it is necessary for us to remand to the appellate court for consideration of the alleged errors that defendants raised in their post-trial motion of March 20, 1979, including the claim that they are entitled to a judgment as a matter of law. Unless the appellate court finds this claim has merit, the court shall remand for a new trial on the issue of damages, with directions that the jury be instructed to consider the widow's loss of consortium. In view of this disposition, we need not consider whether the estate adequately preserved the complained-of error that the damages awarded to the estate were inadequate as a matter of law." 92 Ill. 2d 530, 544-45, 442 N.E.2d 163, 170.

The evidence at trial was undisputed that the plaintiffs' vehicle was traveling in a northerly direction, and the defendants' vehicle was eastbound at the time of the collision. A stop sign required that the defendants' vehicle stop before entering the intersection, while no stop sign placed such a requirement on plaintiffs' vehicle. The weather was dry and clear and there were no growing crops to obstruct the visibility of drivers approaching the intersection. Both roads were straight and level for at least one mile before the intersection, and there were no houses, trees or shrubs to obscure a motorist's view.

All of defendants' contentions in their post-trial motion and all of their contentions on their cross-appeal when originally before us, concerned the sufficiency of the evidence to support the determination, implicit in the verdict, that plaintiffs were in the exercise of due care. The decedent, Verla Elliott and Hilda Willis were the only persons in the vehicles and the latter two suffered from retrograde amnesia, preventing them from recalling the events just prior to the occurrence.

There were no other eyewitnesses. Thus, the proof of the exercise of due care on the parts of the decedent and Verla Elliott had to be made entirely by circumstantial evidence. Testimony was introduced that the decedent was a person of careful driving habits.

The circumstantial evidence, other than that already cited, consisted of the testimony of a deputy sheriff who investigated the collision and an accident reconstruction expert. The deputy stated he looked for skid marks or other evidence that either driver had applied brakes before the collision and found none. The reconstruction expert testified that he could find no physical evidence to indicate that either vehicle slowed down before the collision or took any evasive action before the impact.

Because the decedent's view of the intersection was clear for a great distance, and there was no evidence that he had slowed down or attempted evasive action, defendants maintain that the decedent was guilty of contributory negligence as a matter of law. With less emphasis, defendants maintain Verla Elliott was also contributorily negligent as a matter of law for failure to keep a proper look out. Defendants rely on the cases of *Smith v. Bliss* (1973), 12 Ill. App. 3d 514, 299 N.E.2d 576, and *Waldron v. Hardwick* (1968), 99 Ill. App. 2d 36, 240 N.E.2d 772, for the proposition that drivers and passengers in vehicles on a preferred highway have a duty to keep a look out for vehicles entering the highway. They maintain the decedent and his widow, Verla Elliott, were shown to have failed to do so here.

Both *Smith* and *Waldron* concerned collisions which occurred when drivers of vehicles pulled into highways after having been stopped on the side and were hit by vehicles going in the same directions. In both cases, the drivers of the vehicles approaching from the rear were held to be contributorily negligent as a matter of law. In *Smith*, the plaintiff's vehicle hit the rear of the truck that had pulled onto the highway. The court determined as a matter of law that plaintiff's driver was traveling at an excessive rate of speed. The court also noted that the road contained three lanes of traffic and two lanes were clear at the time. The plaintiff had been given further notice to beware by the pulling out onto the highway of another truck just before the defendant's truck.

In *Waldron*, the defendant testified she pulled to the side of the road, paused for a few seconds, looked back and saw nothing coming. She then drove three or four car lengths and pulled onto the two-lane, two-way highway. A collision occurred as her left front wheel got onto the highway when defendant's car was hit by that of plaintiff traveling in the same direction. Plaintiff testified she did not see defend-

ant's car, until it was only one car length away. That plaintiff was also held to be contributorily negligent as a matter of law.

Here, the defendants' vehicle was not going in the same direction as plaintiffs. The collision was broadside, and there was little evasion the decedent could have taken. We do not know what was in his mind. He may well have seen the plaintiffs' vehicle and, until it was too late, reasonably assumed it would stop. He did not have the warning that the plaintiffs' drivers had in *Smith* and *Waldron* where the other vehicle was moving on the shoulder and, in *Smith*, had actually traveled on the pavement for some distance. Unlike in *Smith*, the decedent was not shown to have been driving at an excessive speed. Unlike in *Waldron*, there is no testimony that he did not see the vehicle. The decedent's exercise of due care was a question of fact for the jury. Verla Elliott, being a passenger, had a lesser duty and was clearly not shown to be guilty of contributory negligence as a matter of law.

■■ The verdicts for the plaintiffs were not contrary to the manifest weight of the evidence. The trial court properly denied defendants' post-trial motions. Defendants are neither entitled to a judgment as a matter of law nor to a new trial on the theory that the evidence did not support the verdict.

■■ For the first time, on remand to us, defendants assert that if the plaintiffs-executors are entitled to a new trial, it should be on both the issue of liability and damages and not merely as to damages. They maintain that the verdict for the executors was clearly a compromise verdict because the damages were less than undisputedly shown. (*Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275.) That issue is not before us on remand. When the case was before us the first time we directed that a new trial on the question of damages be granted to the executors. That ruling was appealed to the supreme court and affirmed by that court subject to our ruling as to the issues raised in defendants' post-trial motion and brought before us on their cross-appeal. The theory that our award of a new trial for damages only was error because the verdict was a compromise was not presented to the supreme court. Consideration of that issue is not encompassed in their mandate. We may not consider it.

■■ The plaintiffs-executors ask, also for the first time on remand, that they be given prejudgment interest. Even if the request had not been waived by failure to raise it in the trial court, we cannot pass upon the request because there is no monetary judgment in favor of the executors before us at this time. The supreme court has di-

rected that the previous award to the executors be set aside and a new trial be held as to damages.

Accordingly, we affirm the judgment in favor of plaintiff Verla Elliott and the judgment of liability in favor of plaintiffs Ronald Elliott and Cheryl Elliott Lamson, executors. We remand the case to the circuit court of McLean County for a new trial as to damages on the latter matter. At the new trial, the court is directed to instruct the jury to consider the widow's loss of consortium.

Affirmed in part, remanded.

WEBBER, P.J., and TRAPP, J., concur.