(No. 69749.

THE PEOPLE OF THE STATE OF ILLINOIS v. WILMER BROCKMAN, JR., *et al.*, Appellees (John Mathes and Associates, Inc., *et al.*, Appellants).

*Opinion filed March 26, 1992.—Rehearing denied June 1, 1992.*

HEIPLE, J., took no part.

Mohan, Alewelt, Prillaman & Adami, of Springfield (Fred C. Prillaman, Lisa A. Manion and Stephen F. Hedinger, of counsel), for appellants.

Craig M. Armstrong, of Armstrong & Surin, of Ottawa, for appellee Wilmer Brockman, Jr.

S. Louis Rathje, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee William Clarke.

JUSTICE BILANDIC delivered the opinion of the court:

The People of the State of Illinois instituted an action in the circuit court of La Salle County against, among others, defendants Wilmer and Edith Brockman, Jr. (the

Brockmans), and William H. Clarke. The State's complaint charged defendants with numerous violations of the Illinois Environmental Protection Act (Act) (Ill. Rev. Stat. 1979, ch. 111½, par. 1001 *et seq.*) and the creation of a public nuisance in connection with their operation of a sanitary landfill site near Ottawa, Illinois. The State sought to enjoin defendants from any further violations of the Act, directed defendants to take corrective action to clean up the site and bring it into compliance with the Act, and sought to impose civil penalties upon defendants for such violations.

The Brockmans and Clarke subsequently filed third-party complaints against parties not named in the State's complaint. The Brockmans sought to recover all or part of the damages for which they were potentially liable from: (1) the generators and transporters of waste deposited at the landfill and (2) John M. Mathes & Associates (Mathes), an engineering firm hired by the State to monitor the site and implement a clean-up plan at the site. Clarke's complaint sought contribution from Mathes and Gary Mathes, individually.

The Brockmans' third-party complaint sought recovery from the third-party defendants on several different grounds, two of which are at issue in this appeal. In count II of the complaint, the Brockmans alleged that the third-party defendants were statutorily liable for the entire cost of any remedial action at the site pursuant to section 22.2 of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2). Count VI purported to state a claim for contribution under the Illinois Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). Clarke's third-party complaint alleged only a general right of contribution, without designating the theory upon which that contribution right was based.

The trial court dismissed defendants' entire third-party complaints with prejudice (Ill. Rev. Stat. 1987, ch.

110, par. 2—615), finding that the Act does not permit third-party actions. The appellate court affirmed the dismissal of several counts of Brockman's third-party complaint, but reversed the dismissal of count II (cause of action under section 22.2 of the Act) and count VI (cause of action under the Contribution Act). The appellate court treated Clarke's complaint as seeking contribution pursuant to the Contribution Act; therefore, the appellate court also reversed the dismissal of Clarke's third-party complaint. (192 Ill. App. 3d 680.) We allowed Mathes' petition for leave to appeal (134 Ill. 2d R. 315).

The generators and transporters of waste deposited at the site filed a separate appeal. This court recently disposed of this latter appeal in *People v. Brockman* (1991), 143 Ill. 2d 351 (*Brockman I*). There we found that the third-party claims against the generators and transporters were properly joined in the State's action for violations of the Act, pursuant to the Contribution Act, but that the claims were not properly joined pursuant to section 22.2 of the Act. *Brockman I*, 143 Ill. 2d at 366-73.

Because the facts of this action have been fully set forth in *Brockman I*, we will restate only those facts that are necessary for the disposition of the instant appeal. In addition, for ease of discussion and because the Brockmans and Clarke (hereafter defendants) have argued jointly before this court, we will treat the defendants and their third-party complaints as one and the same.

## I

The State filed an amended complaint in May 1982, charging the defendants with operating a landfill site from August 1970 to September 1979 in such a manner as to: (1) cause "leachate" to flow from the site into the waters of the State of Illinois, so as to create a water

pollution hazard, in violation of section 12(d) of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1012(d)); and (2) contaminate the groundwater and subsurface water with waste material from the site, constituting a public nuisance.

Thereafter, on August 12, 1985, the Illinois Environmental Protection Agency contracted with Mathes to perform certain testing, monitoring and remedial functions with regard to the subsurface and groundwater contamination at the landfill site. Mathes completed performance of this contract in April 1986, and issued a revised report to the Agency in September 1986.

The defendants filed their third-party complaints on April 15, 1987. These complaints alleged, *inter alia*, that Mathes conducted its monitoring operations at the site in a grossly negligent manner. They further alleged that, in the course of drilling two monitoring wells to monitor the amount of contamination from the site, Mathes drilled through two garbage cells and the clay liner beneath the garbage cells. The complaints charged that this conduct itself caused the discharge of contaminants (garbage leachate) into the groundwaters beneath the site, in violation of section 12(d) of the Act. The defendants contended that Mathes contributed to the pollution hazard at the site and must therefore contribute to the cost of remedying the site.

The issue for our review is whether the defendants' third-party claims against Mathes, a response action contractor, may be properly joined with the State's action against the defendants for violations of the Act. Specifically, we must determine: (1) whether the third-party claims may be joined with the State's action pursuant to section 22.2 of the Act; and (2) whether the defendant's third-party claims may be joined with the State's action pursuant to the Contribution Act.

## II

We first consider whether the third-party claims may be brought pursuant to section 22.2 of the Act. That provision essentially sets up a fund to cover the Illinois Environmental Protection Agency's (the Agency's) costs of corrective or preventative action taken at hazardous waste disposal sites located in Illinois. (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(d).) Section 22.2 also designates the parties that are liable for the costs incurred by the State for corrective or preventative actions taken at hazardous waste disposal sites located in Illinois. (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(f).) Section 22.2(f) of the Act provides, in pertinent part:

> "Notwithstanding any other provision or rule of law, and *subject only to the defenses set forth in subsection (j) of this Section,* the following persons shall be liable for all costs of removal or remedial action incurred by the State of Illinois as a result of a release or substantial threat of a release of a hazardous substance[.]" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(f).

In *Brockman I,* we held that the trial court properly dismissed that portion of the defendants' third-party complaint which attempted to state a cause of action under section 22.2(f). We found that, because the State did not bring a section 22.2 claim against the defendants, the defendants' section 22.2 claim against third-party defendants was separate and independent from the State's action. We determined that the defendants' section 22.2 claim was not derivative of the State's action and, therefore, could not be properly joined to that action. (*Brockman I,* 143 Ill. 2d at 369.) That same reasoning applies here to bar the defendants from joining their section 22.2 claim against Mathes to the State's action.

The defendants argue, however, that a third-party action against Mathes is proper pursuant to section 22.2(j)(3) of the Act, which provides, in pertinent part:

"There shall be no liability under this Section for damages as a result of actions taken or omitted in the course of rendering care, assistance, or advice in accordance with this Section \*\*\*, with respect to an incident creating a danger to public health or welfare or the environment as a result of any release of a hazardous substance or a substantial threat thereof. This subsection shall not preclude liability for damages as the result of gross negligence or intentional misconduct on the part of such person. For the purposes of the preceding sentence, reckless, willful, or wanton misconduct shall constitute gross negligence." (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(j)(3).)

We are not persuaded by the defendants' attempt to distinguish this case from *Brockman I*. The defendants may not bring a third-party claim against Mathes pursuant to section 22.2(j)(3), because that section does not support any substantive cause of action. It simply provides response action contractors with a defense to a cause of action brought pursuant to section 22.2(f). As stated, section 22.2(f) designates the parties liable for costs incurred by the State for site clean up, "subject only to the *defenses* set forth in subsection (j)." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(f).) We have already found that, under the facts in *Brockman I*, defendants could not maintain a third-party claim pursuant to section 22.2(f). Therefore, we must also reject defendants' contention that they may join such a third-party action pursuant to section 22.2(j)(3).

As we did in *Brockman I*, we decline to hold, as a matter of law, that the Act precludes third-party claims altogether. (*Brockman I*, 143 Ill. 2d at 369.) We simply hold that, under the facts alleged here, the defendants may not properly join their third-party claims to the State's action pursuant to section 22.2 of the Act. Accordingly, we affirm

the trial court's dismissal of that claim and reverse the appellate court's decision, insofar as it reinstated the claim.

### III

We next consider whether defendants' third-party claim pursuant to the Contribution Act is proper. The Contribution Act provides, in pertinent part:

> "(a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property ***, there is a right of contribution among them ***." (Ill. Rev. Stat. 1987, ch. 70, par. 302(a).)

Thus, in order for defendants to have properly alleged a right of contribution pursuant to the Contribution Act, defendants and Mathes (1) must both be subject to liability in tort to the State, and (2) their liability must arise out of the same injury.

Mathes argues that it is not "subject to liability in tort" to the State. Mathes contends that the source of its liability to the State, if any, is contractual. Mathes argues that its liability would be based solely upon economic injuries flowing from breach of the response action contract between Mathes and the Illinois Environmental Protection Agency, not tort. (See *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69.) We disagree. In *Brockman I*, we held that "a violation of the Act creates the potential for liability in tort ***." (*Brockman I*, 143 Ill. 2d at 373.) Irrespective of whether or not Mathes breached its contract with the Agency, the breach of its statutory duty to refrain from polluting the waters of Illinois is clearly a tort. Defendants and Mathes have both allegedly violated the Act. Therefore, both defendants and Mathes are "subject to liability in tort."

Mathes next argues that its liability and defendants' liability do not "arise out of the same injury." Mathes points out that the water pollution hazard defendants are

charged with creating arose out of defendants' pre-1981 activity. Mathes' conduct which allegedly violated the Act occurred over five years later, in 1986. Mathes analogizes its conduct to that of a doctor called in (by the State) to render his prognosis of an ailment (degree of contamination), which prognosis necessarily entails an intrusive investigation (drilling of monitoring wells). Mathes argues that if it created an injury at all, this injury does not meet the "same injury" requirement of the Contribution Act.

Mathes' argument focuses on the timing of the acts from which its and defendants' liability arose. Mathes appears to argue that, because it and defendants did not act simultaneously or in concert with one another, they could not have caused the "same injury." In *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, this court rejected a similar contention when it stated:

> "[T]he Illinois contribution act requires only that the parties be 'subject to liability in tort arising out of the same injury' [citation], regardless of whether the liability is joint (*Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 918)." (*Doyle*, 101 Ill. 2d at 11-12.)

The appellate court in *Morgan* also properly noted:

> "The only apparent requirement for contribution between co-tortfeasors is that recovery over be based on the same injury to person or property. Thus, the act permits contribution where co-tortfeasors are concurrent [citations] or successive [citations] as long as the same injury is involved." (*Morgan*, 111 Ill. App. 3d at 918.)

Therefore, the proper focus of the "same injury" requirement is not the timing of the parties' conduct which created the injury, but the injury itself. The State has alleged that defendants' violations of the Act have created a water pollution hazard. Defendants, in turn, have alleged that Mathes' grossly negligent conduct in drilling through garbage cells and the clay liner of the site has contributed to this same water pollution hazard. Assuming that the facts

alleged in the defendants' third-party complaint are true, the trier of fact could find that the conduct of the defendants and Mathes, although separate in time, contributed to produce the "same injury" for purposes of the Contribution Act.

In so finding, we do not rule on the merits of the defendants' contribution claims. We simply hold that the trial court improperly dismissed those claims without examining their merit. Using the language of the Contribution Act, it is possible that the defendants and Mathes are "2 or more persons *** subject to liability in tort arising out of the same injury" and that there is "a right of contribution among them." Accordingly, we hold that defendants have properly pled a third-party action for contribution pursuant to the Contribution Act.

## IV

Mathes' final argument is a public policy argument. Mathes contends that permitting defendants charged with violating the Act to seek contribution from response action contractors will only serve to spread the costs of defendants' own improper conduct. Mathes predicts that any defendant charged with violating the Act will automatically seek contribution from the response action contractor. This will serve as a disincentive for any response action contractor to stay in business, knowing that any time it is called upon to do its job, it will also be called upon to contribute to the clean-up costs.

We note that this characterization is not entirely true. Section 22.2(j)(3) of the Act protects response action contractors from frivolous contribution actions, by requiring a greater degree of negligence before liability may be imposed. Pursuant to section 22.2(j)(3), response action contractors are subject to liability for damages "as a result of actions taken or omitted in the course of rendering care, assistance or advice" only if their conduct is grossly negli-

gent or intentional. (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2(j)(3).) Thus, defendants charged with violating the Act may seek contribution from response action contractors only if they can allege, in good faith, that the conduct of the response action contractor was grossly negligent or intentional. We also note that response action contractors are not and should not be immune from liability for their grossly negligent or intentional misconduct. The heightened protection which section 22.2(j)(3) of the Act affords response action contractors strikes an appropriate balance between the need to protect such contractors from frivolous lawsuits and the principle that response action contractors should be held responsible for their own misconduct. Accordingly, we reject Mathes' public policy argument.

For the reasons set forth above, we conclude that defendants may not bring a third-party action against Mathes pursuant to section 22.2 of the Act and that defendants have properly pled a third-party cause of action for contribution against Mathes, pursuant to the Contribution Act. Accordingly, the judgment of the circuit court is affirmed in part and reversed in part. The judgment of the appellate court is also affirmed in part and reversed in part, and this cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Appellate court affirmed in part
and reversed in part;
circuit court affirmed in part
and reversed in part;
cause remanded.*

JUSTICE HEIPLE took no part in the consideration or decision of this case.