136

NORMAN MEYERS, Plaintiff-Appellant and Cross-Appellee, v. GEORGE KISSNER et al., d/b/a Kissner and Weaver Farm Implement Company, et al., Defendants-Appellees and Cross-Appellants.

Fifth District   No. 5—89—0567

Opinion filed March 4, 1993.

Tracy W. Resch, of Parker, Siemer, Austin, Resch & Resch, of Effingham, for appellant.

Howard & Howard, of Mt. Vernon (G.W. Howard III, of counsel), for appellees George Kissner and Glen Weaver.

Douglas A. Enloe and Robert M. Hopkins, both of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee Owen Rainwater.

JUSTICE MAAG[1] delivered the opinion of the court:

Plaintiff, Norman Meyers, brought an action in the circuit court of Wayne County to obtain redress for injuries to his farmland allegedly caused when the natural flow of water was obstructed by earthen levees constructed by defendants, George Kissner and Glen Weaver, d/b/a Kissner & Weaver Farm Implement Company, and Owen Rainwater. Plaintiff's complaint, as amended, was in two counts. Both counts were based on the same factual allegations. The only difference was that count I sought a mandatory injunction to require defendants to remove the levees, while count II prayed for money damages.

On defendants' motions for summary judgment, the circuit court determined that plaintiff's damage claim was time-barred under the limitations period set forth in section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) because the action had not been commenced within five years following construction of the levees. The matter therefore proceeded to trial on the injunctive claim alone. Although a jury demand had been filed by defendants, elimination of the damage claim meant that only equitable relief remained at issue. As a result, the trial was conducted by the court, sitting without a jury.

Based on its assessment of the evidence, the court issued an injunction requiring that a portion of the levees be modified. Plaintiff appealed, arguing that the remedy fashioned by the court was inadequate. Defendants cross-appealed. With one judge dissenting, this court held that the plaintiff should have brought his injunctive claim within the same period governing his action for damages and that his failure to do so constituted *laches*. Accordingly, we reversed and remanded with directions that judgment be entered in favor of defendants. *Meyers v. Kissner* (1991), 217 Ill. App. 3d 136, 576 N.E.2d 1094.

Our supreme court granted leave to appeal. The court reexamined the law governing when an action to recover damages for an overflow of water onto land should be deemed to accrue and revived plaintiff's claim for money damages. Specifically, the court found that defendants' levees constitute a continuing private nuisance and that plaintiff is therefore "not barred by the lapse of five years from the erection of the structure." (*Meyers v. Kissner* (1992), 149 Ill. 2d 1, 11, 594

---

[1]Justice Harrison participated in oral argument. Justice Maag was later assigned to this case in substitution for Justice Harrison, and Justice Maag has read the briefs and listened to the audiotape of oral argument.

N.E.2d 336, 340.) For continuing violations such as this, the court held that the five-year statute of limitations "merely specifies the window in time for which monetary damages may be recovered prior to the filing of the complaint." (149 Ill. 2d at 11, 594 N.E.2d at 340.) Accordingly, the court reasoned that the plaintiff here should not be barred "from recovering monetary damages for the five-year period preceding the filing of the complaint." 149 Ill. 2d at 11, 594 N.E.2d at 340.

In addition to reviving plaintiff's damage claim, the supreme court considered our determination that plaintiff's claim for injunctive relief was barred by *laches* because it had not been commenced within the statutory five-year limitations period. The court held that the injunctive claim was subject only to the 20-year time period necessary to create a prescriptive easement. Because plaintiff had filed his complaint within 20 years of the construction of the levees, and because there were "no extraordinary circumstances which justify shortening the limitation period below 20 years," the court opined that plaintiff's request for a mandatory injunction was not untimely either. (149 Ill. 2d at 13, 594 N.E.2d at 341.) It therefore reversed and remanded for further consideration of plaintiff's arguments regarding the sufficiency of the trial court's injunction. The cause was then to be remanded to the trial court "for such further proceedings as may then be pertinent to the claim for injunctive relief and for further proceedings regarding plaintiff's claim for monetary damages." (149 Ill. 2d at 13, 594 N.E.2d at 341.) It is in this posture that the matter is before us once again for review.

■ Although the supreme court has not told us specifically how to dispense with the arguments regarding the circuit court's injunction, we believe that the high court's decision to revive plaintiff's damage claim compels the conclusion that the injunction must now be set aside. This is so because all defendants filed timely jury demands with respect to the damage claim. Once the damage claim is reinstated, these jury demands must be reinstated as well.

The facts necessary to establish liability on the damage claim are precisely the same as those underlying plaintiff's claim for injunctive relief (149 Ill. 2d at 6, 594 N.E.2d at 338). By granting the injunction, the circuit court necessarily ruled on these common facts adversely to defendants. So long as the court's judgment granting the injunction continues in force, these factual determinations by the court will be controlling in any subsequent proceedings in the case and will deprive the defendants of a jury trial on the damage claim.

By requesting an injunction in count I, the plaintiff invoked the equity jurisdiction of the circuit court. When the trial judge sits in equity, there is no right to a jury trial. (*Lazarus v. Village of Northbrook* (1964), 31 Ill. 2d 146, 199 N.E.2d 797.) The trial judge has authority to direct a jury trial on the equitable claims. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1111.) But in such cases, the jury is advisory only. *Carroll v. Hurst* (1982), 103 Ill. App. 3d 984, 431 N.E.2d 1344.

Supreme Court Rule 232(b) (134 Ill. 2d R. 232(b)) requires the court to determine whether the legal and equitable claims are severable and, if so, mandates a jury trial on the legal claims if a jury is demanded. The court never made this determination because the damage claim was dismissed prior to trial.

The injunction must be set aside for another reason as well. It is axiomatic that an injunction is an extraordinary remedy which should only be granted after the plaintiff establishes a lawful right, irreparable harm, and an inadequate remedy at law. (*Tamalunis v. City of Georgetown* (1989), 185 Ill. App. 3d 173, 189, 542 N.E.2d 402, 413.) The requirement of an inadequate remedy is based on the same principles as the rule that legal claims must be tried by the jury before equitable claims based on the same facts are decided by the court. If equitable relief is granted where an adequate remedy at law exists, the defendant will be deprived of his constitutional right to a jury trial. *Stevens v. Protectoseal Co.* (1975), 27 Ill. App. 3d 724, 729-30, 327 N.E.2d 427, 431.

In this case the supreme court has now classified plaintiff's claims as involving a continuing nuisance. The mere existence of a nuisance is not, however, sufficient to warrant injunctive relief. Under established Illinois law, equity will not, as a matter of course, order relief in nuisance cases until all the circumstances and consequences of such action are considered. This is so because an award of money damages may be sufficient to remedy the nuisance and therefore constitute an adequate remedy at law, even where the nuisance is of a continuing nature. (*Tamalunis v. City of Georgetown*, 185 Ill. App. 3d at 190, 542 N.E.2d at 413-14.) Given this, it is apparent that any injunctive relief in this case is premature until such time as plaintiff's damage claim has been presented to and passed upon by the jury. The mere fact that a remedy in the form of damages exists does not mean that a damage award alone is an *adequate* remedy. The adequacy of the damage award, if any, must be considered by the circuit court after the jury has rendered its verdict. If the jury awards plaintiff damages,

the court must then determine whether injunctive relief is also required.

■ Before concluding our discussion, there is one final matter we must address. Because our previous disposition ruled against plaintiff, we had no need to reach an argument by defendant Rainwater that his counterclaim for contribution on count I of plaintiff's complaint had been improperly dismissed by the circuit court. Rainwater has now filed a supplemental brief asking that the issue be taken up on the merits. Rainwater's position is that his counterclaim was originally dismissed by the circuit court solely on the grounds that the Contribution Act (Ill. Rev. Stat. 1989, ch. 70, par. 301 *et seq.*) can never be applicable where, as here, the underlying action seeks injunctive relief. Citing the recently decided case of *People v. Brockman* (1989), 192 Ill. App. 3d 680, 550 N.E.2d 222, *aff'd in part & rev'd in part* (1991), 143 Ill. 2d 351, 574 N.E.2d 626, and *aff'd in part & rev'd in part* (1992), 148 Ill. 2d 260, 592 N.E.2d 1026, however, Rainwater asserts that this proposition can no longer be sustained. Without passing on the validity of Rainwater's argument, we note that consideration of the viability of his counterclaim was not encompassed within the supreme court's mandate. We therefore may not consider it here. (*Elliott v. Willis* (1983), 113 Ill. App. 3d 848, 852, 447 N.E.2d 1062, 1065.) However, this does not foreclose consideration of this matter by the circuit court following remand. *Callier v. Callier* (1986), 142 Ill. App. 3d 407, 414, 491 N.E.2d 505, 510.

Accordingly, the judgment of the circuit court granting injunctive relief is reversed. Upon retrial the damage claim shall be tried before a jury. The trial court may, in the exercise of its discretion, hear the equitable claim at the same time or may set that claim for a separate trial. This case is hereby remanded for further proceedings consistent with this opinion and the opinion of the supreme court.

Reversed and remanded with directions.

CHAPMAN, P.J., and LEWIS,[2] J., concur.

---

[2]Justice Howerton participated in oral argument. Justice W.A. Lewis was later assigned to this case in substitution for Justice Howerton, and Justice W.A. Lewis has read the briefs and listened to the audiotape of oral argument.