ALICE HAYS, a Minor, by her Parent and Next of Friend, Eileen Hays, *et al.*, Plaintiffs-Appellants, v. MYRON FABIAN, Defendant-Appellee.

First District (6th Division)   Nos. 1—91—0640, 1—91—0814 cons.

Opinion filed June 5, 1992.

Lawrence H. Hyman, of Chicago (Kocsis, Mohr & Gaertner, of Naperville, of counsel), for appellants Alice Hays and Eileen Hays.

Christ S. Stacey, of Naperville, for appellants Allison Miller and William Miller.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (Roger Leroy, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises from two consolidated cases. Plaintiffs, Eileen Hays, individually and as parent and next friend of Alice Hays, a mi-

nor (Hays), and William Miller, individually and as father and next friend of Allison Miller, a minor (Miller), filed suit in the circuit court of Cook County to recover damages sustained as a result of the alleged negligence of defendant Myron Fabian after he struck Hays and Miller while driving his automobile. At the conclusion of a jury trial, the trial court denied plaintiffs' motion for summary judgment on the issue of liability. The jury then returned a verdict in favor of defendant, and the court entered judgment on the verdict. The court denied plaintiffs' post-trial motion for judgment notwithstanding the verdict, or alternatively, for a new trial. On appeal, plaintiffs contend that the jury's findings were not supported by the manifest weight of the evidence.

The collision occurred at approximately 5:15 p.m. on November 22, 1987, in Oak Park at the intersection of Garfield Boulevard, which runs in an easterly and westerly direction, and Ridgeland Avenue, a north and south street with one lane of traffic in each direction. A broken yellow line in the middle of Ridgeland marks its center line. Garfield was under construction, and stop signs controlled the traffic approaching Ridgeland. The weather was clear. Miller was a passenger on the Hays bicycle, which was travelling westward on Garfield. Defendant was travelling northbound on Ridgeland, which was a through street, as he approached the intersection and struck the bicycle.

Miller and Hays were each 15 years old at the time of the accident. The girls were both riding on a 10-speed bicycle that belonged to Hays' brother. Hays was the pedaler of the bicycle, and Miller occupied the seat. Hays testified that she and Miller left the home of a classmate at approximately 5 p.m. As she approached the intersection of Ridgeland and Garfield, she noticed that Garfield was under construction. Hays and Miller dismounted from the bicycle just before the stop sign at Garfield, and Hays walked the bicycle through the construction area. The girls then mounted the bicycle again, and Hays looked both ways. She saw headlights approaching approximately one block away, but believed that she had sufficient time to cross the intersection. Hays gave the bicycle a good push and began pedaling through the intersection. As she approached the middle of the intersection, Hays noted that her front tire was across the center line. Hays then saw headlights directly upon them and heard a crash as the bicycle was struck by defendant's automobile. At the time of the impact, the rear of the bicycle and Miller sitting on the seat were in the lane being travelled by defendant. Hays sustained a broken ankle, lac-

erations on her calf, bruises and abrasions on her back, and head and neck pain.

On cross-examination, Hays stated that she had a slight problem starting the bicycle across the intersection because of the weight of Miller on the seat. Hays did not know what gear the bicycle was in at the time of the accident, nor did she know how to shift its gears. There was no headlight on the bicycle.

Miller testified that she was sitting on the bicycle and that her hands were around Hays' waist, who was standing up and pedaling. Upon getting back on the bicycle at the stop sign, Miller had seen an automobile on Ridgeland. The automobile was about two city blocks away. Miller did not warn Hays not to pull out in front of the automobile. Miller saw the automobile again when it was about five feet away. She did not hear a car horn or any other warning, nor any brakes skidding. At the time of the impact, the back portion of the bicycle was still in the lane being travelled by defendant. As a result of the accident, Miller sustained back injuries and headaches.

Defendant, who was 89 years old at the time of the accident, testified as an adverse witness that he was not supposed to drive after dark. (The accident occurred at dusk, and the streetlights were on.) As he approached the intersection with his headlights on, he did not see the bicyclists. Defendant did not apply his brakes until he saw something on his hood and heard the crack of the windshield.

James Doyle, a disinterested witness, testified for plaintiffs that he was travelling westbound on Garfield and that his automobile was at the northeast corner of Garfield and Ridgeland at the time of the accident. Doyle saw plaintiffs observe the stop at the stop sign and proceed along the curb line. Doyle stated that both vehicles reached the intersection at about the same time, a few seconds before the impact. However, plaintiffs entered the intersection first. At the time of impact, the front tire of the bicycle had crossed the center line of Ridgeland, with the rear part of the bicycle on the northbound half. Doyle further testified that defendant veered to the left just before impact. Doyle believed that if defendant had continued going straight instead of veering, "it would have been close" as to whether an impact would have occurred.

Doyle did not hear the automobile brake, nor did he hear any horn or warnings. Defendant was travelling within the speed limit.

On direct examination, defendant stated that he was driving approximately 25 miles per hour and that he was wearing his glasses at the time of the accident.

There was an Illinois statute in effect which provided that no bicycle shall be used to carry more persons at one time than the number for which is it designed and equipped. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—1503.) An instruction on the statute was given to the jury.

On appeal, plaintiffs argue that the trial court erred in not granting their motion for a directed verdict on the issue of liability, and that the jury's verdict was against the manifest weight of the evidence.

■ At the outset, we find that the trial court correctly ruled that the issue of negligence was a question of fact most appropriately decided by a jury. Whether a driver, in this case the bicyclist, is negligent in entering a controlled intersection on a preferential road is singularly a question of fact, since there are no precise standards, and the issue involves considerations of the relevant speed and distances of the vehicles. *Kofahl v. Delgado* (1978), 63 Ill. App. 3d 622, 380 N.E.2d 407; *Garner v. Skafar* (1977), 45 Ill. App. 3d 859, 360 N.E.2d 398.

As to the jury verdict, a court of review is empowered to reverse a jury verdict only if it is against the manifest weight of the evidence. (*Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 476 N.E.2d 1232.) A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or the jury's findings are unreasonable, arbitrary and not based upon the evidence. (*Netzel v. United Parcel Service, Inc.* (1989), 181 Ill. App. 3d 808, 537 N.E.2d 1348; *Anderson v. Beers* (1979), 74 Ill. App. 3d 619, 393 N.E.2d 552.) The credibility of witnesses and weight to be given their testimony are matters for the jury to determine, and unless the determination is manifestly against the weight of the evidence, it will not be disturbed on appeal. (*Moran v. Lala* (1989), 179 Ill. App. 3d 771, 534 N.E.2d 1319; *Cratsley v. Commonwealth Edison Co.* (1976), 38 Ill. App. 3d 55, 347 N.E.2d 496.) When considering whether a verdict was contrary to the manifest weight of the evidence, a reviewing court must view the evidence in the light most favorable to the appellee, defendant in the present case. (*Kemper v. McDougal-Hartmann Co.* (1984), 127 Ill. App. 3d 512, 468 N.E.2d 998.) In that regard, we observe that Doyle contradicted plaintiffs' testimony as to the locations of the vehicles prior to the accident. While plaintiffs testified that defendant's vehicle was a block or two away when they entered the intersection, Doyle testified that both vehicles entered the intersection at almost the same time.

■ Plaintiffs emphasize that Doyle testified they entered the intersection first, although admittedly as a matter of a few seconds, and

that a portion of the bicycle had crossed over the center line. As such, they urge that those facts require judgment in favor of plaintiffs as a matter of law. (*Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758.) However, the fact that one party's vehicle crossed into the other party's lane where the collision occurred does not establish negligence as a matter of law, if there is evidence explaining the circumstances from which reasonable inferences favorable to the crossing party could be drawn. *Balfour v. Citgo Petroleum Corp.* (1983), 116 Ill. App. 3d 140, 452 N.E.2d 46.

Plaintiffs also point to Doyle's testimony that if defendant had not veered, the accident may not have occurred. However, even if the jury accepted Doyle's testimony, it may have considered defendant's veering as a natural reaction rather than a negligent act.

In this case, as in all similarly situated cases, there were conflicts in the evidence and questions of credibility of witnesses to be assessed, which are functions of the jury. (*Hasty v. Kilpatrick* (1985), 130 Ill. App. 3d 859, 474 N.E.2d 867.) Sufficient evidence was presented from which the jury could infer that defendant was not negligent in striking the bicycle riders. Plaintiffs were riding on a single bicycle in violation of the bicycle safety statute. In addition, Hays did not know how to shift gears on the bicycle. Hays also testified that she had a slight problem starting the bicycle in crossing the intersection because of the weight of Miller on the seat. We further note that defendant was not in violation of the speed limit. We find, therefore, that the jury verdict in favor of defendant cannot be said to be against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and LaPORTA, J., concur.