TAMARA CATES, Plaintiff-Appellant, v. DONALD J. KINNARD, Defendant-Appellee.

Third District   No. 3—93—0406

Opinion filed January 7, 1994.

Ambrose & Cushing, P.C., of Chicago (Lawrence J. Griffin, of counsel), for appellant.

Garrison, Fabrizio & Hanson, Ltd., of Joliet (James R. Fabrizio, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Tamara Cates, brought this negligence action against the defendant, Donald J. Kinnard, to recover damages for injuries she suffered when the defendant's vehicle struck her bicycle. The jury returned a verdict for the defendant. The plaintiff appeals, raising seven issues, including that the jury's verdict was against the manifest weight of the evidence, that defense counsel made improper comments regarding the length of time it took the plaintiff to file suit, and that the court erred with respect to the jury instructions given. We affirm.

## FACTS

The plaintiff was severely injured in June 1984, when she was

struck by the defendant's vehicle at an intersection in Lockport, Illinois. The defendant was proceeding south and the plaintiff was proceeding west at the time of the collision. The speed limit in the area was 30 miles per hour. The plaintiff had a stop sign, but the defendant did not. The plaintiff was 13 years old at the time of the accident. The plaintiff did not recall any of the events occurring immediately prior to the accident because she suffered from amnesia.

The plaintiff's friend, Kamie Cruce, was an eyewitness to the accident. She was 12 years old at the time of the accident. Kamie testified that as the plaintiff approached the stop sign, the plaintiff squeezed her brakes, but her bike did not stop. The plaintiff then yelled, "my brakes don't work." At that point, she dragged her feet in an attempt to stop. The plaintiff was unsuccessful, however; so, when she reached the intersection, she put her feet back on the pedals and rode on an angle to avoid being struck by the defendant's car.

Kamie further testified that she noticed the defendant's car when it was six or seven car lengths away from the point of impact. She thought that the defendant was travelling about 50 miles per hour. According to Kamie, the defendant did not honk his horn or swerve to avoid the accident. She noted that the brakes on the plaintiff's bike had been working properly up to the point when they failed immediately prior to the accident.

The defendant testified that he was travelling southbound and the plaintiff came to the intersection from his left. He first saw the plaintiff's head before she got to the stop sign. His vision was partially obstructed by a three-foot elevated lawn, but he could see the plaintiff's head bobbing up and down and that she was pedaling like crazy on a bicycle. The defendant stated that he was travelling within the speed limit and that he slammed on his brakes as soon as he saw the plaintiff. His car came to a stop within the intersection. The defendant noted that he had lived in the area for 30 years and knew that children could likely be in the vicinity.

The Lockport police chief testified that the defendant's vehicle left 47 feet of skid marks to the point of impact. He further testified that he examined the defendant's brakes and tires following the accident and they seemed to be in proper working order.

### MANIFEST WEIGHT/DIRECTED VERDICT

On appeal, the plaintiff first argues that the jury's verdict should be set aside because it was against the manifest weight of the evidence. She also contends that the trial court erred in denying her motion for a directed verdict.

A court of review will not disturb the findings of a jury unless it is able to say that there is no evidence which fairly tends to support the verdict. (*Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 479 N.E.2d 1091.) Regarding directed verdicts, it is well settled that verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Such factors as conflicts in the evidence, controverted facts, and the demeanor or credibility of the witnesses are properly matters solely within the province of the jury. (*Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 479 N.E.2d 1091.) On appeal, the evidence is to be viewed in the light most favorable to the appellee. *Hays v. Fabian* (1992), 231 Ill. App. 3d 203, 595 N.E.2d 162.

The plaintiff claims that the fact that the defendant left 47 feet of skid marks in itself shows that the defendant was negligent. The plaintiff further argues that the defendant was negligent because he should have been more careful in an area where he knew children would be in the vicinity. The plaintiff also contends that the defendant should have honked his horn or swerved to avoid the collision.

We find *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 483 N.E.2d 595, instructive. There, the defendant was travelling eastbound and the plaintiff southbound. The plaintiff had a stop sign and the defendant did not. The plaintiff pulled out in front of the defendant when he was only 50 feet from the intersection. The defendant slammed on his brakes and attempted to swerve about a quarter of a second before impact. The trial court took judicial notice that a car travels 44 feet per second at a speed of 30 miles per hour. The court then directed a verdict for the defendant. On review, this court affirmed the trial court, noting that it was understandable that the defendant did not attempt to honk his horn at a time when he was attempting to slam on his brakes and swerve to avoid the collision.

■ Similarly, in the instant case, the evidence indicates that the defendant first saw the plaintiff when she was five or six car lengths away. At a speed of 30 miles per hour, only about one second would pass before the point of impact. Thus, the defendant had little or no time to honk and swerve at the same time he was attempting to apply his brakes. Regarding the skid marks, the plaintiff offered absolutely no expert accident reconstruction testimony to explain their significance, even though their significance was arguably beyond the ken of the average juror. In the absence of such evidence, the jury was free

to conclude that the marks did not show that the defendant was travelling at an excessive rate of speed.

Regarding the fact that children were known to be in the vicinity, we do not find that the defendant had a *per se* duty to travel below the speed limit. Rather, we find that whether the defendant exercised reasonable care under the circumstances was a question for the jury to decide and the jury's decision was not against the manifest weight of the evidence. Accordingly, we hold that the trial court properly refused to enter a directed verdict.

IMPROPER COMMENTS

Next, the plaintiff argues that she was denied a fair trial because defense counsel made four different comments about the length of time it took her to file her lawsuit. She contends that the comments had a prejudicial effect in that they suggested that if there was any merit to the claim her parents would have brought it while she was still a minor.

During opening argument, defense counsel commented that the "plaintiff and Kamie went from being children to adults in the time it took their family to decide to file this case." The plaintiff's attorney objected to the comment on the basis that he felt it was more appropriate for a closing argument. The trial court overruled the objection. Defense counsel proceeded and stated that the "[p]laintiff or her family waited more than six years *** to even file the lawsuit." The plaintiff objected on grounds of relevance and the trial court sustained the objection. Defense counsel then explained to the jury that the only point he was making was that the nine-year passage of time would affect the memory of all the witnesses.

During closing argument, defense counsel stated "to further compound everything, the family, which could file a lawsuit the next day, waits six years." The trial court sustained the plaintiff's objection to the comment. Defense counsel later stated that "the suit hasn't been brought in front of a jury until nine years after it happened." The trial court overruled the plaintiff's objection to that comment.

Generally, the permissible scope of argument rests within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion. (See *Heeg v. Jewel Cos.* (1992), 232 Ill. App. 3d 75, 596 N.E.2d 765.) Although improper closing arguments may warrant a new trial, this court generally grants a new trial only where the arguments were clearly improper, prejudicial and denied the complaining party a fair trial when that trial is viewed in its en-

tirety. *Stennis v. Rekkas* (1992), 233 Ill. App. 3d 813, 599 N.E.2d 1059.

■■ Applying the above principles to the instant case, we find that if any error occurred in the comments it was harmless. Regarding the first comment, we note that the plaintiff objected on the specific basis that it was more appropriate for closing argument. However, on appeal, the plaintiff claims that the comment was improper because it was prejudicial. A contemporaneous objection at trial to a comment made on a specific ground waives all grounds not specified. (See *People v. Eyler* (1989), 133 Ill. 2d 173, 549 N.E.2d 268.) Accordingly, we find that the plaintiff waived any error with respect to the first comment.

On the remaining three comments, one related to the time frame between the accident and trial and was thus proper. As the defense counsel indicated at trial, the comment was relevant to explain that the memories of some of the witnesses could be affected by such a long passage of time. Furthermore, the statement related to the passage of time from the date of the accident to the date of trial, whereas the other two comments related to the date of filing suit and were thus irrelevant. Regarding the remaining two comments, we note that the trial court sustained the plaintiff's objections to those comments. However, we find after viewing the trial in its entirety that, even assuming *arguendo* that the comments were improper, any error in relation thereto was harmless and did not rise to the level of reversible error. See *Heeg v. Jewel Cos.* (1992), 232 Ill. App. 3d 75, 596 N.E.2d 765.

INSTRUCTIONS

The plaintiff next argues that the trial court erred in giving defendant's jury instruction No. 7 and refusing to give plaintiff's non-Illinois Pattern Jury Instructions (non-IPI) Nos. 13 and 15.

Plaintiff's non-IPI instruction No. 13 stated:

"When children may reasonably be expected to be in the vicinity, a motorist, although still held to a standard of ordinary care, must exercise greater care for the safety of those children than he would for adults."

Supreme Court Rule 239(a) specifically provides that an IPI rather than non-IPI instruction should be used if the IPI instruction accurately states the law. (134 Ill. 2d R. 239(a); *Powers v. Illinois Central Gulf R.R. Co.* (1982), 91 Ill. 2d 375, 438 N.E.2d 152.) Moreover, a new trial will be granted for failure to give a non-IPI instruction only where a party shows that its right to a fair trial has been

seriously prejudiced by the denial of the instruction. *Thompson v. Abbott Laboratories* (1990), 193 Ill. App. 3d 188, 549 N.E.2d 1295.

■ In the instant case, the plaintiff had already tendered two instructions defining ordinary care and the defendant's duty. Those two instructions, which were given by the court, were Illinois Pattern Jury Instructions, Civil, and they adequately stated the law. The language relied on by the plaintiff for her proposed non-IPI instruction is a direct quote from *Toney v. Mazariegos* (1988), 166 Ill. App. 3d 399, 519 N.E.2d 1035. However, *Toney* does not require that that language be used as a jury instruction. Moreover, the case is factually distinguishable. In *Toney*, the plaintiff was injured when the defendant's police car struck the plaintiff. The speed limit in the area was 20 miles per hour and the defendant was travelling below it at 15 miles per hour, when the plaintiff darted out from behind an ice cream truck. The court found that even where a defendant is travelling below the speed limit a question of fact may remain as to whether he exercised reasonable care for children in the vicinity. Since *Toney* is not directly on point with the case at bar and the IPI instructions adequately stated the law, we hold that the trial court did not err in refusing the plaintiff's instruction.

We next turn to the plaintiff's argument that the trial court erred in refusing to give plaintiff's instruction No. 15, which would have informed the jury that the 13-year-old plaintiff is presumed incapable of negligence.

It is true that a child between 7 and 14 is presumed incapable of negligence. (*Riley v. Johnson* (1981), 98 Ill. App. 3d 688, 424 N.E.2d 842.) However, the presumption can be rebutted, and whether it has been rebutted is normally a question of fact for the trier of fact. *Thomas v. Price* (1980), 81 Ill. App. 3d 542, 401 N.E.2d 651.

Here, however, we agree with the trial court that the presumption had been rebutted as a matter of law. There was no reason to submit the issue to the jury because all of the evidence in the record indicated that the plaintiff understood the dangers involved in riding a bike and the necessity of obeying a stop sign. There was absolutely no evidence to the contrary. Accordingly, the trial court did not err in refusing to give plaintiff's instruction No. 15.

The plaintiff further argues that the trial court erred in giving defendant's instruction No. 7, which combined two different sections of the Illinois Rules of the Road (Ill. Rev. Stat. 1991, ch. 95½, par. 11–100 *et seq.*). She contends that the jury was misled to believe that only one statute was in effect.

■ The first section at issue provides that traffic laws apply to persons riding bicycles. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—1502.) The second provides that every driver of a vehicle has a duty, upon approaching a stop sign, to stop before entering the crosswalk. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—1204(b).) The instruction in question combined those two statutory sections to inform the jury that traffic laws apply to bicycle riders and thus the stop-sign statute applies to bicycle riders. Both statutes when read together adequately informed the jury of the law and showed that the plaintiff violated the law. We find no merit to the plaintiff's argument that the jury was misled.

### MOTION *IN LIMINE*

Lastly, the plaintiff argues that the trial court erred in denying her motion *in limine* to bar evidence concerning a reason for the plaintiff's brake failure. The plaintiff argues that permitting the defendant to inquire about whether the brakes were tested denied her a fair trial because it invited the jury to speculate about whether a third party was responsible for the injury, *i.e.*, the bike manufacturer. She also claims that it allowed the jury to speculate that her brakes did not fail.

■ We find that the issue about whether the brakes failed was an issue in controversy in the case and thus whether the brakes were tested was clearly relevant and important. That the trial testimony indicated that the plaintiff was pedaling hard immediately prior to the collision would be some circumstantial evidence from which the jury could infer that the plaintiff's brakes did not fail. The fact that the brakes were not tested emphasized that there was no evidence of brake failure other than Kamie Cruce's testimony. Thus, we find that the trial court properly denied the plaintiff's motion *in limine*.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and STOUDER, JJ., concur.