JOHN FANTASIA, Plaintiff-Appellant, v. JOHN WIESCH, Defendant-Appellee.

Third District    No. 3—94—0733

Opinion filed June 5, 1995.

Michael P. McCready, of Samuel Briones, P.C., of Chicago Heights (Samuel Briones, of counsel), for appellant.

Brenner, Mavrias, Dorn & Alm, of New Lenox (James G. Mavrias, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, John Fantasia, appeals from a judgment entered in favor of the defendant, John Wiesch, in a personal injury action. He claims that the trial court erred in excluding certain evidence and instructing the jury and further claims that the jury verdict was against the manifest weight of the evidence. We affirm.

The plaintiff's claims arise out of a motor vehicle accident. The plaintiff was driving a large truck and had stopped at an intersection and then proceeded to turn left. The defendant was driving along the intersecting road, and his vehicle collided with the rear of the plaintiff's truck sometime after the plaintiff had made his turn. The plaintiff claims that the collision occurred 100-plus feet from the

intersection; the defendant contends that it happened within 20 to 30 feet of the intersection.

Approximately two months after the collision, an attorney for the plaintiff spoke to the emergency personnel who responded to the accident scene. No written statements were signed. No tape recordings were made. However, one member of the rescue squad, William Geiger (hereafter the rescue worker), drew a diagram of the approximate locations of the vehicles at the time he arrived on the scene.

During the prosecution of the plaintiff's suit, the defendant served interrogatories on the plaintiff which contained a request for oral or written statements taken from any person other than the plaintiff. In his answer to this interrogatory, the plaintiff did not mention the oral statements he had taken from the emergency personnel; nor did he mention the diagram drawn by the rescue worker.

At trial, the plaintiff called the rescue worker as a witness and attempted to elicit testimony from him regarding the approximate location of the vehicles at the time he arrived on the scene of the accident. The defendant objected and moved to bar the rescue worker's entire testimony based on the plaintiff's failure to disclose the existence of the oral statement taken from the rescue worker. The trial court allowed the defendant to take the rescue worker's deposition prior to making any determination on whether to allow his testimony.

The following day, the defendant again argued that the rescue worker's testimony should be barred. He contended that if he had known of the existence of the oral statement and the diagram, he would have made alterations in his approach to the case. Moreover, the defendant argued, the rescue worker did not have an independent recollection of the placement of the vehicles at the scene. His knowledge was gleaned from the diagram itself and therefore if the rescue worker were allowed to testify as to the location of the vehicles, it would be impossible to know whether he was testifying from his memory of the day of the accident or from his memory of the diagram.

The trial court granted the defendant's motion to bar the rescue worker's testimony regarding the location of the vehicles on the scene but allowed the rescue worker to testify as to his recollections of the day of the accident with regard to every other matter.

At the close of the trial, the judge instructed the jury with regard to section 11—904(b) of the Illinois Vehicle Code (625 ILCS 5/11—904(b) (West 1992)) (when a driver can turn onto a preferential highway) and further instructed the jury that the defendant alleged that the plaintiff had failed to obey a traffic control device. The jury

returned a verdict in favor of the defendant, finding the plaintiff to be more than 50% responsible for the accident.

The plaintiff argues first on appeal that the trial court erred in excluding the rescue worker's testimony regarding the approximate locations of the vehicles at the accident scene.

Supreme Court Rule 219 allows a trial court to impose sanctions on a party for failure to comply with discovery. (134 Ill. 2d R. 219(c).) The imposition of such sanctions is within the sound discretion of the trial court and will not be overturned unless that discretion has been abused. (*Zimmer v. Melendez* (1991), 222 Ill. App. 3d 390, 583 N.E.2d 1158.) Sanctions may include the barring of testimony. *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22.

Webster's defines "statement" as "the act or process of stating, reciting or presenting orally or on paper *** a report or narrative." (Webster's Third New International Dictionary 2229 (1986).) The diagram drawn by the rescue worker comes within this definition. It is a presentation on paper of the rescue worker's recollection of the location of the vehicles when he arrived on the scene.

■ Thus, we find that the diagram is a written statement. As such, it was discoverable through the interrogatory propounded by the defendant. The plaintiff's failure to comply with that discovery request is sufficient basis for imposition of the sanction ordered by the trial court. Consequently, we hold that the trial court did not abuse its discretion in excluding the rescue worker's testimony regarding the location of the vehicles.

The plaintiff contends that he was not obligated to produce the diagram because the defendant had not served him with a request to produce pursuant to Supreme Court Rule 213 (134 Ill. 2d R. 213). We find that the issue of whether a request to produce was ever served upon the plaintiff is irrelevant. The diagram was a written statement and the plaintiff was required to produce it in response to the defendant's interrogatory, notwithstanding any request to produce that may or may not have been served. Moreover, there is no evidence in the record that the trial court relied on the alleged request to produce in issuing its sanction against the plaintiff.

The plaintiff argues further that the rescue worker should have been allowed to testify without the use of the diagram because he had an independent memory of the location of the vehicles. However, we find that barring the rescue worker's testimony was the only way to protect the defendant from prejudice resulting from the plaintiff's failure to comply with discovery and was not an abuse of discretion.

Next, the plaintiff argues that the trial court erred in instructing the jury.

It is the duty of the appellant to provide a record on appeal sufficient for reviewing the issues raised. (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.) If the appellant fails to provide such a record, then we must presume that the trial court's judgment was correct. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.

■ The plaintiff has failed to supply this court with copies of the jury instructions he claims were given in error. The only record of these instructions is the transcript of the judge's charge to the jury. In that transcript, it is impossible to distinguish one instruction from another. Given this inability to pinpoint exactly the instructions complained of, we cannot say that the trial court erred.

Finally, the plaintiff contends that the jury verdict is against the manifest weight of the evidence.

It is the sole province of the jury to determine the credibility of witnesses and reconcile conflicts in the evidence or controverted facts. (*Cates v. Kinnard* (1994), 255 Ill. App. 3d 952, 626 N.E.2d 770.) The jury's verdict will not be disturbed upon review unless there is no evidence which fairly tends to support it. *Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 479 N.E.2d 1091.

■ After carefully reviewing the record, we cannot say that there is no evidence which supports the jury's verdict. The entire case hinged on the credibility of the witnesses called by the parties, and the jury was in the best position to determine which of those witnesses was more credible than the others. Consequently, we hold that the jury's verdict was not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and HOLDRIDGE, J., concur.