No. 3--96--0073

_________________________________________________________________

                                  IN THE 

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1996

ED WHITE and LINDA WHITE,      )  Appeal from the Circuit Court

Individually and as Parents    )  of the 14th Judicial Circuit,

and Next Friends of ADAM       )  Rock Island County, Illinois

WHITE, a Minor,                )

                               )

     Plaintiffs-Appellants,    )

                               )

     v.                        )  No. 94--L--152

                               )

CHARLES J. LUETH III and       )

NOLA M. LEUTH, d/b/a CHUCK'S   )

APPLIANCES and GEIFMAN FOOD    )

STORES, INC.,                  )  Honorable

                               )  Dana R. McReynolds

     Defendants-Appellees.     )  Judge, Presiding

_________________________________________________________________

JUSTICE MICHELA delivered the opinion of the court:

_________________________________________________________________

     Plaintiffs-appellants, Ed White and Linda White, individually

and as parents and next friends of Adam White, a minor

(plaintiffs), brought a negligence action against defendants-

appellees, Charles J. Lueth III and Nola M. Lueth, d/b/a Chuck's

Appliances and Geifman Food Stores, Inc., to recover damages for

injuries sustained to Adam White (Adam) when a truck driven by

Charles J. Lueth III (Lueth) collided with Adam while he was riding

his bicycle.  The jury awarded plaintiffs $70,000.00 for medical

expenses and pain and suffering, but awarded zero dollars for

disability and disfigurement.  The jury further found Adam 25

percent contributorily negligent and reduced the damages

accordingly.  Plaintiffs' post-trial motion for a new trial was

denied.  Plaintiffs now appeal arguing the jury's assessment of

damages was irreconcilably inconsistent and the jury's finding of

contributory negligence was contrary to law and against the

manifest weight of the evidence.  For the reasons which follow, we

disagree and affirm.

     On June 10, 1992, Adam and his friend, Jeramy Sanders, were

travelling by bicycle on a sidewalk in front of Chuck's Appliances

in the Ridgewood Shopping Center in Moline.  At the same time, a

truck driven by Lueth was traversing a vacant lot which was

adjacent to Chuck's Appliances.  Lueth, an employee of Chuck's

Appliances and son to owner Nola M. Lueth, was approaching the

sidewalk in front of Adam's path.  Lueth testified he crossed the

sidewalk at a speed of five to eight miles per hour without

stopping or slowing to check for pedestrian traffic.  As the truck

crossed the sidewalk, Adam's bicycle collided with the driver's

side door.  Due to the obstruction of Chuck's Appliances, neither

Lueth nor Adam could see each other approaching the eventual point

of impact.

     Lueth testified his truck was already on the sidewalk before

he saw Adam approaching.  He further testified he saw Adam's head

turned to the right, at "about three o'clock," as Adam approached

the truck.  Lueth stated that Adam's head turned towards the truck

just prior to impact.  Lueth also stated that Adam was

approximately 13 feet from the truck when his bicycle first came

into view.  Jeramy Sanders testified that he and Adam were

travelling at approximately five to ten miles per hour when Adam's

bicycle collided with the truck.  Jeramy further stated that Adam

was looking straight ahead prior to the collision.  Adam also

testified he was looking straight ahead prior to the collision.  He

did not recall seeing the truck at all, nor does he remember

impact.

     The collision knocked four teeth from Adam's mouth and broke

one tooth in half.  One tooth was never recovered.  Dr. C. Scott

Hlady, an oral and maxillofacial surgeon who attended to Adam's

injuries, secured a stainless steel bar in Adam's mouth to stable

his teeth.  He re-implanted the recovered teeth by tying stainless

steel wire around the re-implanted teeth and attaching the wire to

the bar.  Dr. Hlady testified via videotape evidence deposition

that Adam would get a fair amount of swelling around the mouth

during the healing process.  He further testified that at least

two, and possible three teeth, would require replacement in the

future.  According to Dr. Hlady, Adam would be restricted from

participating in any physical activity for approximately six weeks

after the accident.  Also, Adam would be placed on a liquid diet

during that same time period.  On cross-examination, Dr. Hlady

testified Adam sustained no permanent loss of function to his teeth

as a result of his injuries.  Further, there would be no permanent

restrictions placed on Adam with regard to his diet and physical

activity.  Also, according to Dr. Hlady, no complications arose

during the healing process.

     Dr. Brent Ludens, a dentist specializing in prosthodontics,

examined Adam on June 28, 1994.  Dr. Ludens, also testifying via

videotape evidence deposition, stated Adam would require an

implanted supported crown in the site of the lost tooth.  Dr.

Ludens testified to the complex nature of the attachment and opined

as to a minimum six-month healing period.  In Dr. Ludens' opinion,

the two teeth next to the missing tooth would have to be removed

with implants inserted within five to ten years.  On cross-

examination, Dr. Ludens testified that if the above procedure were

performed, Adam would suffer no loss of function to his tooth nor

would there be any permanent restrictions placed on Adam's diet or

physical activity.  Adam eventually received a replacement tooth.

     Both Dr. Dale Fehr, an orthodontist, and Dr. Richard Eggar,

Adam's pediatric dentist, testified Adam would need braces because

of his injuries.  Adam, in fact, wore braces from December, 1992

through November, 1993.  Dr. Eggar further believed Adam would

eventually experience problems with bacteria and gum disease

because of bone loss around his teeth which occurred as a result of

the accident.

     Adam testified he was not bothered by a resultant scar or his

physical appearance.  Adam further testified that after he received

his new tooth, the mouth injury no longer affected his social life. 

In fact, Adam testified he sometimes removes his tooth to serve as

an "ice breaker" at parties.

     Prior to trial, the claims against Geifman Food Stores, Inc.

were settled.  The jury returned a verdict against the remaining

defendants, Lueth and Chuck's Appliances, awarding plaintiffs

$70,000.00 for past and future medical expenses and pain and

suffering.  However, the jury awarded zero dollars for

disfigurement and disability and found Adam 25 percent

comparatively negligent.  Plaintiffs' post trial was denied. 

Plaintiffs now appeal.

     On appeal, plaintiffs first argue that a $70,000.00 award for

medical expenses and pain and suffering, without any award for

disfigurement and disability, makes the jury's assessment of

damages irreconcilably inconsistent.  Plaintiff contends such a

discrepancy warrants a new trial on damages.  Plaintiffs next argue

the finding of contributory negligence is not supported by the

record.  We disagree with both contentions.

     Turning to the first issue, plaintiffs direct us to a line of

cases which hold that an award for medical expenses without a

corresponding award for pain and suffering and/or disability and

disfigurement requires reversal per se.  See Hinnen v. Burnett, 144

Ill. App. 3d 1038, 495 N.E.2d 141 (1986); Urban v. Zeigler, 261

Ill. App. 3d 1099, 634 N.E.2d 1237 (1994); Kumorek v. Moyers, 203

Ill. App. 3d 908, 561 N.E.2d 212 (1990); Slavin v. Saltzman, 268

Ill. App. 3d 392, 643 N.E.2d 1383 (1994).  However, our supreme

court recently examined this line of cases and held that a jury may

award pain-related medical expenses and may also determine that the

evidence of pain and suffering was insufficient to support a

monetary award.  Snover v. McGraw, 172 Ill. 2d 438, 448, 667 N.E.2d

1310, 1315 (1996).  In rejecting the reversal per se rule, the

court emphasized that such a determination turns solely on the

facts of the case and that under certain circumstances, an award of

medical expenses without a corresponding award for pain and

suffering may be inappropriate.  Snover, 172 Ill. 2d at 449, 667

N.E.2d at 1316.  The court concluded by reaffirming the traditional

rule that a jury's assessment of damages is entitled to substantial

deference and that a ruling on a new trial is best made by the

trial court in a post-trial motion which will not be reversed

unless the trial court abuses its discretion.  Snover v. McGraw,

172 Ill. 2d at 449, 667 N.E.2d at 1316. 

     In the instant case, the jury awarded damages for past and

future medical expenses and pain and suffering, but not for

disability and disfigurement.  This situation is somewhat different

than Snover where the award was for pain-related medical expenses

only, and not pain and suffering.  However, we find the reasons

more compelling in the present case to reject the reversal per se

rule.  Snover stands for the proposition that, under the proper

circumstances, a jury may award no monetary figure for pain and

suffering when awarding damages for corresponding pain-related

medical expenses.  Despite this apparent inconsistency, our supreme

court upheld a jury award as well within its sound discretion. 

Here, we do not necessarily have a corresponding nexus between

disability and disfigurement and the other compensable damage

elements.  While pain-related medication and treatment are

necessary to combat pain and suffering, disability speaks to a

"loss of a normal life" (Smith v. City of Evanston, 260 Ill. App.

3d 925, 631 N.E.2d 1269 (1994)) and disfigurement to an impairment

to beauty, symmetry or appearance (Rapp v. Kennedy, 101 Ill. App.

2d 82, 242 N.E.2d 11 (1968)).  We therefore conclude that an award

for past and future medical expenses and pain and suffering,

without an award for disability and disfigurement is not reversible

per se.

     Turning to the facts of the present case, both Dr. Hlady and

Dr. Ludens testified that Adam would experience no permanent loss

of function to his teeth and no permanent restriction in diet or

physical activity.  Adam testified he was not bothered by a

resultant scar or his physical appearance.  Adam further testified

that after he received his new tooth, the mouth injury no longer

affected his social life.  Thus, we find the evidence sufficient to

support the jury verdict awarding no monetary amount for disability

and disfigurement and conclude the trial court did not abuse its

discretion by denying plaintiffs' post-trial motion for a new trial

on damages.

     Plaintiffs next argue the jury's finding that Adam was

contributorily negligent is contrary to the law and against the

manifest weight of the evidence.  A plaintiff is guilty of

contributory negligence when he fails to exercise that degree of

care which a reasonably prudent person would have exercised for his

own safety under the same or similar circumstances.  Healy v.

Bearco Management, Inc., 216 Ill. App. 3d 945, 576 N.E.2d 1195

(1991); Reuter v. Kocan, 113 Ill. App. 3d 903, 446 N.E.2d 882

(1983).  In the present case, there was conflicting testimony

presented as to where Adam was looking when he approached the open

field next to Chuck's Appliances.  Faced with this conflict, the

jury was free to determine whether Adam was maintaining a proper

lookout or not.  See Cates v. Kinnard, 255 Ill. App. 3d 952, 626

N.E.2d 770 (1994).  Thus, we find no error in the jury's finding

that Adam was contributorily negligent.

     Accordingly, the judgment of the circuit court of Rock Island

County is affirmed.

     Affirmed.

     HOLDRIDGE, P.J. and McCUSKEY, J., concur.